(74 South. 185)

No. 20594.

XETER REALTY, Limited, v. BASLER et al.

(Feb. 12, 1917.)

*(Syllabus by Editorial Staff.)*

1. TAXATION ⊜⟷734(3)—TAX TITLE — VALIDITY—ASSESSMENT.

A tax sale of a square is null where two lots had been sold by the owner of the square before the taxes were assessed, and the taxes on one of those lots were paid by the purchaser.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1470, 1471.]

2. TAXATION ⊜⟷805(1) — TAX TITLE — PRESCRIPTION—POSSESSION.

The three-year prescription established by the Constitution of 1898 does not run against the owner of land previously sold for taxes who was in open possession thereof at the time the Constitution was adopted and remained in possession ever since, though such possession began some time after the sale.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1593, 1597.]

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Action by Xeter Realty, Limited, against William J. Basler, in which Thomas D. Boyd, Jr., and others were called in warran-

ty. Judgment for the defendant, and plaintiff appeals. Affirmed.

Clive Wetherill Kernan, of Baton Rouge, and Wm. Winans Wall, of New Orleans, for appellant. T. Jones Cross, of Baton Rouge, for appellees Thomas D. Boyd, Jr., and T. Sambola Jones, warrantors. Justin C. Daspit, of Baton Rouge, for appellee Wm. J. Basler. Taylor & Porter, of Baton Rouge, for John B. Kroger and Baton Rouge Lumber Co., warrantors.

PROVOSTY, J. In 1884, the following square of ground in the city of Baton Rouge, to wit:

"Square No. D, 160 feet front on Spanish Town street by 748 feet in depth, American measure, bounded east by lands formerly E. Esteran and west by lands of W. P. Cox"

—was sold to the state at tax sale for taxes of 1883 assessed to Antoine L. Gusman.

In 1905 plaintiff purchased this property from the state; and in 1912 brought the present petitory action against the present possessors of it, who derive title from Gusman by private sale.

[1] There can be, and, in fact, is, no question but that the tax sale was null, for the reason that lot 2 of the square no longer belonged to Gusman at the time the assessment of 1883 was made, but to another person, to whom it was assessed for that year and who paid the taxes so assessed, and that also another of the lots had at that time been sold by Gusman; but the contention is that as to all of the square except the said lot 2 the said nullity has been cured by the prescription of three years established by the Constitution of 1898.

[2] We are of the opinion that this prescription cannot apply, for the reason that, at any rate since the latter part of 1887, the defendants and their authors in title have had actual possession of the property. In several cases it has been held that this pre-

scription does not run against the tax debtor, or his assignee, in actual possession. Carey v. Cagney, 109 La. 77, 33 South. 89; In re Seim, 111 La. 562, 35 South. 744; Bartley v. Sallier, 118 La. 93, 42 South. 657; In re Sheehy, 119 La. 609, 44 South. 315. The principle of these decisions, which is that prescription cannot begin to run against the party in possession in favor of the party out of possession, applies to this case. When the Constitution of 1898 was adopted, and this prescription might have begun to run, the defendants and their authors in title had actual possession; and hence the prescription could not begin to run against them.

In all of the said cases, except in Re Sheehy, the actual possession extended back to the time of the tax sale, whereas in the present case it began some time afterwards; but we do not think that a legal distinction can be founded on that difference, since the idea is that prescription cannot begin to run against the party in actual possession, and the defendants and their authors in title were in actual possession at the date said prescription was created by the Constitution.

Judgment affirmed.