Deynoodt & De la Vergne, of New Orleans, for appellee Angelina Darder Bellaci.

ROGERS, Justice.

Plaintiff sued his wife for a divorce on statutory grounds. The court below rejected his demand, and he appealed from the judgment. Appellant has moved to dismiss his appeal on the ground that he did not desire to further prosecute it. As the appellee has not consented to such dismissal, the motion cannot be granted. Code Prac. art. 901. On the merits, the judgment appears to us to be correct.

For the reasons assigned, the judgment appealed from is affirmed.

177 La. 32

## CAREY v. GREEN.
### No. 32141.

Supreme Court of Louisiana.
Feb. 27, 1933.

On Motion to Correct Decree March 27, 1933.

Clifford E. Hays, of Minden, for relator.

Stewart & Stewart, of Minden, for respondent.

LAND, Justice.

This is an action to annul a tax sale of lot 4 of block A of the J. R. Moore addition to the town of Minden in this state, made to defendant by the marshal and tax collector of that city on June 25, 1927, for the municipal taxes due for the year, 1926.

The tax deed was filed for record August 3, 1927, and was recorded in the conveyance records of Webster parish.

Plaintiff claims that he acquired this property from J. R. Moore on February 1, 1924, by authentic act of sale, which was filed for record February 1, 1924, and recorded in the conveyance records of that parish.

The basis of plaintiff's attack upon the tax sale is that the sale was made without proper notice of delinquency having been given to him.

In the district court judgment was rendered in favor of plaintiff annulling the tax sale. This judgment was reversed on appeal by defendant to the Court of Appeal, Second Circuit, 141 So. 402, but, on rehearing, that court set aside its judgment and reinstated the judgment of the district court, 144 So. 185.

The case is now before us on a writ of review, and upon an agreed statement of facts.

It is admitted that the property in question was properly assessed to George Carey, plaintiff, on both state and municipal rolls, for the years 1925 and 1926, and in the name of his vendor in 1924.

That plaintiff paid all state, parish, and municipal taxes assessed against the property

for the years 1924 and 1925, and also the state and parish taxes assessed against it for the year 1926, but failed to pay the municipal taxes assessed against it for the year 1926.

That on April 25, 1927, the marshal and tax collector for Minden, La., mailed notice of tax delinquency of taxes assessed by the municipality against the property for the year 1926, by registered mail addressed to "George Carey, Minden, La.," but that such notice so mailed was not called for or delivered to the addressee, George Carey, plaintiff herein, and that on May 9, 1927, the notice was returned by the post office of Minden, La., to the marshal and city tax collector.

That plaintiff, George Carey, in April and May, 1927, did not reside in a place or home requiring carrier delivery of mail under United States postal regulations, had no known business address, requiring carrier delivery of mail thereto, and "Minden, Louisiana" constituted the only mailing address known to the municipal tax collector, who, however, was cognizant of the actual place of residence of the tax debtor, plaintiff herein, whose general mail was so generally addressed.

That, after the usual legal delays from the date of the registry of notice of delinquency, the municipal tax collector advertised in due form in the official journal of the municipality for the legal time, and in the name of "George Carey, Minden, Louisiana," the property in question, properly described, for sale for the nonpayment of taxes, interest, and costs due under the municipal assessment for 1926, and, with due formality as to sale, adjudicated the property to defendant, A. E. Green, as the last highest bidder, and executed a procès verbal of sale to defendant, which was recorded August 3, 1927, in the conveyance records of Webster parish.

The sole question for decision in this case is whether the notice of delinquency sent by registered mail by the marshal and tax collector of Minden, La., to plaintiff, the tax debtor, complied with the requirements of the law of this state.

Section 50 of Act No. 170 of 1898 provides: "That on the second day of January, 1899, and each subsequent year, or as soon thereafter as possible, the tax collector or sheriff shall address to each tax-payer who has not paid all the taxes which have been assessed to him on immovable property, written or printed notice in the manner provided for in Section 51 that his taxes on immovable property must be paid within twenty days after the service or mailing of said notice, or that said property will be sold according to law," etc.

It is provided in section 51 of Act No. 170 of 1898: "That the Tax Collector or sheriff shall either deliver to each tax-payer in person or shall leave at his residence or place of business in the parish of Orleans one of said notices and a return or statement in writing of the mode of such service shall be made by the officer serving the same and be filed in the office of the tax collector or sheriff and shall be received by the courts as prima facie evidence of notice. In the country parishes this notice shall be sent by registered mail."

It is clear from the above provisions that it is only in the parish of Orleans that a notice of delinquency must be delivered to the taxpayer in person, or must be left at his residence or place of business.

Manifestly, it was not the duty of the marshal and tax collector of Minden, La., a city located in the country parish of Webster, to deliver the notice of delinquency in this case to plaintiff, a tax debtor residing in Minden, either in person, or at his residence, although known to the marshal and tax collector, or at plaintiff's place of business, if he had one.

As notice of delinquency, in any of the methods above provided, applies exclusively to taxpayers residing in the parish of Orleans, it cannot be reasonably contended, as was done by the Court of Appeal in its second decision, that the marshal and tax collector of Minden should have resorted in this case to any of such methods of notice, in order to make the notice of delinquency effective. For, had he done so, the notice of delinquency, instead of being made effective, would have been clearly illegal, null and void, since it is declared in mandatory terms in section 51 of Act No. 170 of 1898 that: "In the country parishes this notice shall be sent by registered mail."

Nor, under the facts of this case, was it necessary for the marshal and tax collector of Minden to send a second notice of delinquency, as it is admitted that the first notice was sent to the proper post office address of plaintiff, the tax debtor, who resided in the city of Minden at the time.

When the marshal and tax collector of Minden sent to the plaintiff, the tax debtor, notice of delinquency "by registered mail," he complied with the sole requirement of the statute, and performed his whole official duty in the matter, receipt of the notice by the tax debtor not being necessary. Hoyle v. Southern Athletic Club, 48 La. Ann. 879, 19 So. 937.

If plaintiff has lost his property, it is through his own neglect in not going for his mail. Had he not been remiss in this particular, he would have received timely notice of the delinquency in this case.

In the face of positive law on the subject, we are compelled to follow its provisions, and cannot be swayed by equitable considerations in deciding this case.

It is ordered that the second judgment of the Court of Appeal be annulled and reversed, and that its first judgment, rejecting plaintiff's demands at his costs, be reinstated and made the final judgment of the court, and that relator pay the costs of this proceeding.

## On Motion to Correct Decree.

PER CURIAM.

Relator, A. E. Green, has moved to correct the decree in this case, which condemns him to pay the costs of this proceeding.

As the writ of certiorari to the Court of Appeal, Second Circuit, obtained by relator was maintained by this court, and decision was made in his favor, it is clear that the costs of this proceeding should have been imposed by our decree upon the respondent, George Carey, the unsuccessful litigant.

It is therefore ordered that our original decree be so amended as to order the costs of this proceeding to be placed upon the respondent, George Carey, instead of upon the relator, A. E. Green.

And it is now ordered that our original decree, as amended, be reinstated and made the final judgment of the court.

ST. PAUL, J., absent on account of illness, takes no part.