**172 So. 409**

**PILL et al. v. MORGAN et al.**

No. 34082.

Dec. 21, 1936.

Rehearing Denied Feb. 1, 1937.

Chandler & Chandler, of Shreveport, for appellants.

Bryan E. Bush, of Shreveport, for appellants and appellees Mrs. Maude L. Morgan, et al.

HIGGINS, Justice.

Plaintiffs, as co-owners in indivision of .certain real estate, instituted a jactitation action, alleging that they were in possession of the property, and that the defendants were slandering their title by recording a purported tax deed.

The defendants answered, denying that plaintiffs had possession of the land as required by law; and, in the alternative, asserted that they were the owners of an undivided one-tenth of the property, by virtue of their tax title, and further, in the alternative, only in the event the court should hold that plaintiffs were the lawful owners of the property, that respondents recover judgment against them in the full sum of $82.06, the amount of the purchase price at the tax sale and taxes paid on the undivided one-tenth interest in the land for the years 1930 to 1935, both inclusive, together with interest and penalties, as provided by law.

The trial judge held that the plaintiffs had successfully shown that they had the necessary possession of the property to maintain their suit, and therefore, with reference to the second issue, the jactitation suit was converted into a petitory action.

The plaintiffs pleaded the nullity of the tax sale on the ground that the required notices of delinquency by registered mail had not been sent to them. Defendants countered by urging the three-year prescriptive period or peremption under article 10, § 11, of the Constitution of 1921. Plaintiffs replied that they had physical and corporeal possession of the land and that prescription or peremption was suspended.

Upon these respective issues presented, the district judge rendered judgment recognizing all of the plaintiffs to be the owners of the property, except the plaintiff George Pill, and recognized the defendants as the owners of the one-eleventh interest that George Pill owned in the land at the time of the tax sale. He further rendered judgment against the plaintiffs, except George Pill, for the sum of $53.34, with penalties and interest from January 20, 1930, until paid.

Both George Pill and the defendants appealed.

The record shows that George Pill and ten other persons were the co-owners of the property in question, in the proportion of an undivided one-eleventh each; that this tract of land, consisting of 240 acres, was assessed in the name of "George Pill, et al."; that the plaintiffs failed to pay the taxes on the property for the year 1929, and one-tenth interest therein was sold to W. M. Morgan, for the whole of the delinquent taxes due for 1929; that the tax deed was duly recorded in Caddo parish on June 20, 1930; that W. M. Morgan died and the defendants are his widow and heirs; that the descriptions of the property on the assessment rolls, in the tax sale advertisements, and the tax deed are correct; that the property was assessed in the name of "George Pill et al." for the year 1930, and thereafter nine-tenths interest was assessed to "George Pill, et al." and one-tenth interest to "W. M. Morgan," from 1931 through 1935, both inclusive; that the nine-tenths interest of George Pill et al. was adjudicated to the state for un-

paid taxes, the deed being recorded on December 21, 1934; that on September 9, 1935, George Pill et al. redeemed their nine-tenths interest in the property from the state; that there was a house on the property which was unoccupied during the year 1930; that the property was rented by plaintiffs to a Mr. White, who cultivated the land during the year 1931 and for a portion of the year 1932; and that George Pill moved on the land, with the consent of his co-owners, in April, 1932, where he continued to reside until the suit was filed on January 24, 1936, and thereafter.

It is well settled that the peremption established for tax sales by article 10, § 11, of the Constitution of 1921, does not accrue when the owner remains in corporeal possession of the property. Pickens v. Dellinger, 161 La. 694, 109 So. 391; Xeter Realty Inc., v. Basler, 140 La. 891, 74 So. 185; Levenberg v. Shanks, 165 La. 419, 115 So. 641; Fellman's Heirs v. Interstate Land Co., Ltd., 163 La. 529, 112 So. 405; Charbonnet v. State Realty Co., 155 La. 1044, 99 So. 865.

The evidence is clear that the plaintiffs, through a tenant and through one of their co-owners, were in corporeal and physical possession of the property, except for the first year after the tax sale, and therefore the peremption did not accrue in favor of the tax purchaser, but was suspended as a result of the plaintiffs' occupancy or possession of the land. This physical or corporeal possession resulted from the actual occupancy of the property by plaintiffs' tenant and George Pill, as a co-owner, in behalf of himself and for the benefit of

his coproprietors. Chef Menteur Land Co. v. Mercier, 129 La. 1042, 57 So. 329; Louisiana Land Co. v. Blakewood, 131 La. 539, 59 So. 984; Mire et al. v. La Salle Realty Co., 176 La. 663, 146 So. 326.

It is argued that, because Mr. Morgan visited George Pill on the premises and requested the return, in installments, of the money which he paid in connection with the tax sale, that was a sufficient recognition that George Pill was occupying the property for the tax purchaser. On the contrary, as we read the evidence, George Pill at no time conceded that the tax pur-' chaser had title and his possession of the land was openly adverse to the claim of Mr. Morgan.

We therefore conclude, as did our learned brother below, that the three-year peremption period pleaded by the defendants was suspended or interrupted by the plaintiffs' actual physical and corporeal possession of the property.

The legality of the tax title or deed is questioned by the plaintiffs on the ground that they did not receive any notice. of delinquency by registered mail, as required by Act No. 170 of 1898, § 51, as amended by Act No. 194 of 1932. Defendants relied on the presumption of the regularity of the deed, citing article 10, section 11, of the Constitution of 1921. The district judge' held that the plaintiffs have successfully shown that the notice had not been sent to any of the plaintiffs except George Pill, and that he had failed to rebut or negative the presumption that the notice had been mailed to him.

George Pill testified that he lived at Smackover, Ark., in 1929; and that he did not receive the registered delinquent tax notice, although his name and address appeared on the tax rolls.

The evidence shows that the attorney for the defendants and Mr. Davis, deputy sheriff, made a search through the records in the tax collector's office and failed to find either a return receipt or the notice itself. Mr. Hughes, the tax collector, testified, "We mail a registered notice to the party to the address given on the tax roll of the assessor's roll—it is not up to me to furnish the address." Since the names and addresses of ten of the plaintiffs as co-owners of the land did not appear on the assessment rolls, it is manifest that they did not receive any delinquent notice as required by the statute. This was the view of the district judge, and we agree with him.

As to George Pill, we have the fact that he denied receiving any notice, that the return receipt or record of the notice could not be found in the tax collector's office, or any record thereof, and the circumstances that, although the provisions of Act No. 170 of 1898, under which the sheriff was proceeding to sell the property for the unpaid taxes, required him to execute a procès verbal showing that notice had been given, according to law, and record this instrument in the clerk of court's office, it was not shown by the defendants that this had ever been done. Under these circumstances, it is our opinion that the presumption relied upon by the defendants as to the regularity of the tax deed—in

that proper registered notice had been sent to the plaintiff George Pill—was successfully rebutted and negatived, and it was then encumbent upon defendants to go forward and prove that this indispensable provision of the statute had been complied with, in order to give legal effect and validity to the tax deed. Jones v. Curran, 156 La. 1055, 101 So. 415; Little River Lumber Co. v. Thompson, 118 La. 284, 42 So. 938; Lisso & Bro. v. Giddens et al., 117 La. 507, 41 So. 1029; Simoneaux et al. v. White Castle Lumber & Shingle Co., 112 La. 221, 36 So. 328; Tensas Delta Land Co. v. Sholars, 105 La. 357, 29 So. 908; Welsch v. Augusti, 52 La.Ann. 1949, 28 So. 363; State v. Herron, 29 La.Ann. 848; Dupuis v. Reynaud, 8 La.App. 116; Henderson v. Mayer, 12 La.App. 531, 126 So. 531.

Our view is therefore not in accord with our learned brother below, who sustained the validity of the tax deed as to George Pill. It is therefore necessary to amend the judgment.

In connection with the second alternative demand, the record shows that the defendants would be entitled to $82.06, covering the amount of the tax purchase and the taxes paid upon the property, plus interest and penalties.

For the reasons assigned, the judgment appealed from is amended so as to read as follows:

It is ordered, adjudged, and decreed that there be judgment herein in favor of the plaintiffs, Mrs. Mildred Dial Webb, J. F. Dial, Mrs. Sally Dial Clark, Mrs. Maude Dial Parson, Mrs. Q. V. Dial Sorrell, T. C. Martin, Belma Dial, Mrs. Minnie Williams Hooks, Earl Higginbotham, Milton Higginbotham, and George Pill, and against the defendants, Mrs. Maude L. Morgan, William M. Morgan, W. L. Morgan, W. E. Morgan and B. N. Morgan, canceling and annulling a certain tax deed recorded in Conveyance Book 247, page 714, of the records of Caddo Parish, La., and recognizing said plaintiffs as the owners of the property described in the tax deed, in the proportions said property was theretofore owned by said plaintiffs.

It is further ordered, adjudged, and decreed that there be judgment in favor of the defendants, Mrs. Maude L. Morgan, William M. Morgan, W. L. Morgan, W. E. Morgan, and B. N. Morgan, and against the plaintiffs, Mrs. Mildred Dial Webb, J. F. Dial, Mrs. Sally Dial Clark, Mrs. Maude Dial Parson, Mrs. Q. V. Dial Sorrell, T. C. Martin, Belma Dial, Mrs. Minnie Williams Hooks, Earl Higginbotham, Milton Higginbotham, and George Pill, jointly, in the sum of $82.06, with 5 per cent. penalty and 1 per cent. per month interest on $53.34 from January 20, 1930, until paid, and 10 per cent. interest on the balance of $28.72 from the respective dates of payment of these taxes, until paid, as provided in section 11, article 10, Constitution of 1921; and in all other respects the judgment is affirmed; plaintiffs to pay all costs of court.

On Rehearing.

PER CURIAM.

Application for rehearing refused. Decree amended so as to assess the costs of appeal against the plaintiffs; defendants to pay all costs of the lower court.