**HARGROVE et al. v. DAVIS et al.**

No. 1787.

Court of Appeal of Louisiana. First Circuit.

Jan. 11, 1938.

D. D. Newman, of Leesville, for appellants.

J. R. Ferguson, of Leesville, for appellees.

OTT, Judge.

On March 5, 1921, plaintiffs, W. R. Hargrove, Jr., and M. D. Hargrove, purchased

the S. E. ¼ of S. W. ¼ and S. W. ¼ of S. E. ¼ of Sec. 14, Tp. 2, R. 6 W., in Vernon parish, and in the same deed acquired an adjoining 40 in Allen parish; the three 40's composing one tract but divided by the parish line between these two parishes. Plaintiffs lived in Allen parish and their post office address was Oakdale. From the time of their acquisition of the property up to and including the year 1928, that part of the property located in Vernon parish, the first described two 40's, was assessed to plaintiffs on the assessment rolls of that parish under the name of "W. R. Hargrove et al., Fullerton, La."

The taxes were not paid for the year 1927, and the sheriff of Vernon parish sent the usual registered notice of delinquency addressed to the tax debtor as the name and address appeared on the rolls as stated above. This registered notice was returned unclaimed and undelivered. The sheriff made no further effort to serve notice of delinquency on the tax debtors, but on June 16, 1928, sold the property at tax sale and adjudicated same to J. H. Davis. A short time after purchasing this property, Davis moved to Florida, where he died a short time before this suit was filed.

This suit is against the widow and heirs of the tax purchaser to set aside the sale on the ground that no notice of delinquency was ever received by plaintiffs, as said notice was sent to Fullerton instead of Oakdale; that, after the registered notice was returned, the sheriff made no further effort to notify plaintiffs, even though their address could have been easily obtained as all the taxes had been paid from Oakdale; that the sheriff failed to publish their names as unknown owners, if he proceeded to sell their property as unknown owners; and the said tax collector did not prepare and file with the clerk of court of Vernon parish a procès verbal of the service of notice of delinquency as required by law. Plaintiffs allege that they have had continuous possession of said property since said tax sale, and have tendered to the purchaser the amount of taxes paid by him on the property.

Defendants, through the curator ad hoc appointed to represent them, denied that plaintiffs have had possession of the property since the sale; they allege that plaintiffs in rendering their assessments on the property gave their address as Fullerton, La. The defendants admit that a tender was made to their husband and father for the taxes, interest, and costs, but they allege that this tender was made after the expiration of the one-year redemptive period as it then existed, and they rely on the validity of the tax sale.

Judgment was rendered in favor of the plaintiffs recognizing them as the owners of the property and setting aside the tax sale. Defendants have appealed.

■ As the suit to set aside the tax sale was filed more than five years after the recordation of the tax deed, defendants claim that plaintiffs are precluded from attacking the deed by reason of the prescription provided for in article 10, section 11 of the Constitution, as amended, see Act No. 147 of 1932, adopted in November of that year. This peremption would bar plaintiffs unless they retained possession of the property, in which case their possession acted as a protest against the tax title and interrupted the running of prescription. Kivlen v. Horvath, 163 La. 901, 113 So. 140.

The evidence shows that shortly after plaintiffs acquired the property they rented the whole tract to Marion Carroll who remained on the property until about a month before this case was tried in December, 1936. There was a house located on the 40 in Allen parish in which the tenant lived and cultivated a field extending over into that part of the tract in Vernon parish; there being about an acre of this field in Vernon parish. This tenant paid rent on the whole tract and used some of the land in Vernon parish for pasture, and cut some wood on it for his use.

The only attempt on the part of the tax purchaser to take possession of the property was, as near as we can fix the date from the evidence, in the year 1932, when his agent or representative tore down a small house and some fencing located on that part of the land in Vernon parish. It appears that this act on the part of Davis' representative resulted in a prosecution in Allen parish initiated by plaintiffs. The prosecution fell because of the fact that it developed that the property alleged to have been destroyed was in Vernon parish. This action on the part of plaintiffs in attempting to prosecute the agent of the tax purchaser for trespass on and destruction of their property was a very vigorous protest against the attempt to disturb their possession of the property through their tenant. The evidence fully

justifies the conclusion that the plaintiffs retained possession of the property after the tax sale, and they are not precluded from urging any irregularities against the validity of the tax sale.

There is no question but that the registered notice addressed to the tax debtors at their wrong address was returned to the tax collector undelivered, with a notation thereon as to the reason for the nondelivery, and the collector made no further effort to ascertain the correct address and deliver the notice. It appears that plaintiffs had previously sent checks from Oakdale to pay their taxes, and one of the plaintiffs was known to the sheriff of Vernon parish. So far as known, there were no Hargroves at Fullerton.

▮ It is also shown that the tax collector did not advertise in the list of unknown owners the property of the plaintiffs after the notice was returned, nor did he file a procès verbal in the office of the clerk of court showing the names of the delinquents, their addresses, description of the property on which the taxes were due, and the manner in which the notice was served, as required by section 51 of Act No. 170 of 1898, as amended, Act No. 235 of 1928, Act No. 194 of 1932, § 1. No effort was made by the defendants to show that the tax debtors were served with notice.

Where the sheriff makes up and files in the office of the clerk of court the procès verbal of tax delinquents as required by the above-mentioned section of the revenue law, the presumption arises that notices of delinquency were served as therein stated, and the burden then rests on the tax debtor to show that no notice was given. But where no such procès verbal is filed as required by this section of the revenue law, the presumption as to the regularity of the tax deed is negatived and rebutted, and it then devolves on the tax purchaser to prove that all requisites for a valid tax sale, including notice of delinquency, were complied with. Pill v. Morgan et al., 186 La. 329, 172 So. 409.

There is authority to the effect that where the sheriff sends a registered notice to the proper address of the tax debtor, the failure of the tax debtor to receive the notice will not invalidate the tax sale. Carey v. Green, 177 La. 32, 147 So. 491; Page v. Pitts et al., 16 La.App. 145, 133 So. 460; Calcasieu Investment Co., Inc., v. Corbello's Heirs, La.App., 175 So. 101. But in all of these cases the notice was sent to the proper address of the tax debtors, and the failure of the tax debtor to receive the notice was no fault of the tax collector.

In this case the registered notice was not sent to the proper address of the tax debtors. While it does not appear how this improper address was put on the tax rolls, it is a fact that the plaintiffs are not responsible for this incorrect address being on the tax rolls.

▮ The law which requires the tax collector to serve notice on the delinquent tax debtor before selling his property, contemplates a reasonably diligent effort on the part of the tax collector to make this notice effectual. We think the situation in this case is similar to that in the case of Lee, Jr., v. Givens et al., 18 La.App. 383, 134 So. 775, 777, where the registered notice was not received by the tax debtor because it was sent to an improper address, and was returned to the tax collector undelivered with a notation thereon to that effect. The court in that case said: "When the notice was returned to the sheriff and tax collector with the notation thereon, it was the duty of the sheriff to make inquiries as to the residence of plaintiff, and, if same could not be learned, he then should have given the notice required by section 52 of Act No. 170 of 1898; that is, by publication of notice, as is prescribed for 'unknown owners' and owners whose residence is unknown. As a last resort, he must comply with section 52 in order to satisfy the constitutional requirements of notice to delinquent taxpayers."

For the reasons assigned, the judgment is affirmed at the cost of the appellants.