**REED v. STINSON.**

No. 5750.

Court of Appeal of Louisiana.   Second Circuit.

Jan. 10, 1939.

Rehearing Denied Feb. 6, 1939.

Eugene Beck, of Winnfield, for appellant.

W. T. Holloway, of Jonesboro, for appellee.

TALIAFERRO, Judge.

The primary question tendered for decision by this appeal is whether a tax sale of the N½ of SW¼ and SW¼ of NW¼ of Section 3, Township 13 North, Range 4 West, in Winn Parish, unto D. L. Stinson, defendant herein, for delinquent taxes of the years 1930 and 1932, is valid or invalid. If the validity of the sale is upheld, the various pleas and exceptions filed by either side need not be passed on, and the demands of defendant in reconvention may with propriety be ignored.

Plaintiff attacks the tax sale on two grounds, viz: (1) that no notice thereof was served upon him; and (2) that the Tax Collector did not make up, sign and record a proces verbal, as required by law, reciting that said notice had been served upon him. He alleges that he was in the physical possession of the land when sold for taxes and that such possession has continued to the time suit was filed. He also alleged that he tendered to defendant an amount equal to the taxes paid by him to secure said tax deed, plus interest, costs, etc., which was refused. However, he does not allege when the tender was made.

Defendant, in effect, denies the verity of the facts alleged and relied upon by plaintiff to recover, and defends the validity of the assailed tax sale.

There was judgment for defendant maintaining the validity of the tax deed and recognizing him to be the owner of the land. Plaintiff has appealed.

Counsel of both sides in brief concede that part of the evidence introduced on trial of the case was inadvertently omitted from the record. However, there seems to be no difference between counsel as to the purport of the missing evidence, reflected from their briefs, and this being true, we deem it unnecessary to a proper consideration of the case to remand it for completion of the record.

Defendant sold the land in question to plaintiff in September, 1919, almost entirely on credit. Note representing the purchase price matured on November 1, 1919. Plaintiff was then in possession of the property and he and members of his family have continuously since that date held possession of it. He made no payments whatever on the note. The land was correctly assessed to plaintiff for the year 1930. Availing himself of the beneficent provisions of an act of the Legislature passed during the depression, he succeeded in having the taxes of that year extended for payment over a period of ten years, one-tenth thereof payable annually. The land was also correctly assessed to plaintiff for the year 1932. He did not pay these taxes nor one-tenth of the taxes of 1930, which were also due in 1932.

It is not denied that prior to advertising the land for sale for these delinquent taxes, the Sheriff and Tax Collector sent to plaintiff by registered mail, as the law requires, written notice advising him that said taxes were due and unpaid and that unless promptly paid the property would be advertised for sale and sold to satisfy same. Plaintiff denies that he received these notices. The return cards, accompanying the registered notices, received by the Sheriff and Tax Collector through the mail, were each signed by Ernest Reed, a son of plaintiff, at the time living in plaintiff's home. These cards were introduced in evidence. Plaintiff cannot read nor write. A presumption arises that Ernest Reed was authorized to receive and receipt for these letters or else they would not have been delivered to him by the postmaster. However, our appreciation of the law pertinent to the facts leads us to the conclusion that it is immaterial to the efficacy of the notices that they be actually delivered to or received by the tax debtor.

Section 11 of Article 10 of the Constitution, as amended, relative to enforcement of taxes by sale against assessed immovables, reads: "There shall be no forfeiture of property for the nonpayment of taxes, but at the expiration of the year in which said taxes are due, the collector shall, without suit, and after giving notice to the delinquent in the manner provided by law, advertise for sale in the official journal of the parish or municipality, * * * the property on which the taxes are due in the manner provided for judicial sales."

■ It is the mandatory duty of tax collectors of the several parishes, under Section 50 of Act No. 170 of 1898, on the 2nd day of January of each year, or as soon thereafter as possible, to address to each delinquent taxpayer, assessed with immovable property, written or printed notice in the manner provided for in Section 51 of this Act, advising such taxpayer that the taxes due by him under said assessment must be paid within 20 days after service or mailing of said notice and that in default of payment thereof the property would be sold according to law to satisfy said delinquent taxes.

Act No. 194 of 1932, amending Section 51, of said Act No. 170 of 1898, as amended by Act No. 235 of 1928, requires that the above mentioned notice to the delinquent tax debtor shall be sent by registered mail, except in cities of over 50,000 population; and it is further directed therein that after a tax collector has completed "service of the notices herein required, either by mail or by personal or domiciliary service, he shall make out "A proces verbal stating therein the names of delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service of notice was made, which proces verbal shall be signed officially by him in the presence of two witnesses and filed in the office of the Clerk of Court." This proces verbal, the Act further provides, shall be received by the courts as evidence.

■ It is obvious from the language of the above referred to Sections of the "Revenue" Act of the State that when the tax collector has forwarded by registered mail to the tax debtor the notice of tax delinquency therein required, he has literally complied with the ministerial duty thereby imposed upon him. He is not obligated to follow up the notice to ascertain if the tax debtor has actually received it. If the law were otherwise, it would often be impossible for a tax collector to legally sell property to enforce payment of taxes due thereon. The tax debtor might be absent from home or office for months, precluding the possibility of service upon him personally or receipt by him of the registered notice.

■ All owners of real estate are charged with knowledge that the same will be listed for taxes and taxes assessed thereon collected to defray the expenses of government. They know also that if such taxes are not paid within the limit of time fixed by law, the property will be advertised for sale and sold to satisfy the same. In view of such knowledge, and for other valid reasons, neither the Constitution nor legislative enactments require that notice of tax delinquency or of intention to force collection of such taxes by sale of the property be personally served or received by the tax debtor.

The case of Carey v. Green, 177 La. 32, 147 So. 491, 492, is quite similar in its facts to the present one. There the tax debtor's property was sold for taxes due the City of Minden. The Town Marshal registered the required notice to him. The envelope was addressed to him at Minden, Louisiana, the only mailing address known to the Marshal. He lived within the corporate limits of the City, but did not reside in a place or home requiring carrier delivery of mail under the postal regulations. He had no known business address. The registered letter was returned by the postal authorities to the Marshal because the tax debtor did not call for his mail at the post office before it was necessary to return it. In upholding the tax sale there in controversy, the court said:

"Manifestly, it was not the duty of the marshal and tax collector of Minden, La., a city located in the country parish of Webster, to deliver the notice of delinquency in this case to plaintiff, a tax debtor residing in Minden, either in person, or at his residence, although known to the marshal and tax collector, or at plaintiff's place of business, if he had one. * * *

"When the marshal and tax collector of Minden sent to the plaintiff, the tax debtor, notice of delinquency 'by registered mail,' he complied with the sole requirement of the statute, and performed his whole official duty in the matter, receipt of the notice by the tax debtor not being necessary. Hoyle v. Southern Athletic Club, 48 La.Ann. 879, 19 So. 937. * * *

"In the face of positive law on the subject, we are compelled to follow its provisions, and cannot be swayed by equitable considerations in deciding this case."

■ There is no merit in the contention that the tax sale here in dispute is invalid because the tax collector failed to make up, sign and file with the Clerk of the court the proces verbal required by Section 51 of Act No. 170 of 1898, as amended. The lawmaker evidently had in mind

the desirability of safely preserving for future purposes and reference official evidence of the giving of notice to all delinquent tax debtors whose property was thereafter sold for taxes. Those who purchase property sold for taxes, after the legal requirements as to giving of notice, advertisement, etc., are not unfavorably affected because the tax collector has failed in his duty in the respect mentioned.

This same question was an issue in Pill v. Morgan, 186 La. 329, 336, 172 So. 409, 411. There, as here, it was shown that the tax collector had not made up, signed and filed the proces verbal required by Section 51 of Act No. 170 of 1898, above quoted. In disposing of the question, the court said: "Under these circumstances, it is our opinion that the presumption relied upon by the defendants as to the regularity of the tax deed—in that proper registered notice had been sent to the plaintiff George Pill—was successfully rebutted and negatived, and it was then encumbent upon defendants to go forward and prove that this indispensable provision of the statute had been complied with, in order to give legal effect and validity to the tax deed." And there, as here, the effect of the failure of the tax collector to perform his duty was successfully rebutted by proving that the proper registered notice had been sent to the tax debtor prior to the sale of his land. Hargrove et al. v. Davis et al., La.App., 178 So. 198.

■ When the law regulating the manner and 'method of divesting ownership because of non-payment of taxes has been complied with, and all legal conditions precedent to a tax sale have been met by officials charged with such duties, as was done in the present case, the purchaser of the property acquires a good and valid title thereto, subject to the right to redeem within three years. He need not call to the aid of his title any statutory or constitutional prescription or peremption in order to give it legal vitality or imbue it with the qualities needful to a complete transition of title.

■ It is only in those cases where the legal requirements precedent to a tax sale have been omitted in whole or part that the possession of the tax debtor or his heirs has the effect of suspending the running of the constitutional period of peremption. In the case at bar, the tax title being legally valid ab initio, and the period for redemption having expired, the tax debtor's possession ceases to be an important factor in the case.

The tender alleged by plaintiff was not proven.

For the reasons herein assigned, the judgment appealed from is affirmed with costs.