In 1931 Lorenza Messina purchased 16 acres of land in Ward 5 of Ouachita Parish, Louisiana, and one of his sons moved on the property and remained there for a couple of years, after which time it was leased for a money rental to some third person. This property is located on Mail Route No. 1 out of West Monroe, Louisiana. Messina also has owned for the past twenty-two years property located at the corner of Tenth and Pine Streets in Monroe, Louisiana, and he has constantly made this property his home and operates a small store located thereon.
Messina paid taxes on the 16 acres of land for the years 1931, 1932, 1933 and claimed a homestead on the property for the years 1934, 1935 and 1936, thereby securing its exemption from taxes. In 1937 Messina failed to claim the homestead exemption and the property bore for that year its proper taxes for the State and Parish. The taxes were not paid when due and a registered notice of delinquency was mailed to Lorenza Messina by the Sheriff to the address shown on the Tax Rolls, to-wit, "Route 1, West Monroe, La.", which notice was returned to the Sheriff with a notation made thereon — "Delivery Attempted". The 16 acres of land were thereafter advertised for sale to pay the taxes due for the year 1937 and at said sale, on July 2, 1938, the property was purchased by G.H. Owens, a deed reciting that he was the highest bidder for the least amount of land offered. The Sheriff executed a deed to Owens dated July 5, 1938, which was recorded July 22, 1940 in the Conveyance Records of Ouachita Parish, Louisiana. For the year 1938, Messina again filed application for a homestead exemption on said property, which was granted.
The first knowledge Messina had that his property had been sold for taxes was on or about January 1, 1943, when his tenant ceased paying rent to him and began paying it to Owens. This suit was filed on March 22, 1943 by Messina attacking the tax sale and praying that it be declared null and void for the following alleged reasons:
I. That he was not notified according to law of delinquency in the payment of his taxes on this property;
II. That notice if any was sent to West Monroe, Louisiana, Route 1;
III. That he did not receive said notice sent to West Monroe, Louisiana, Route 1;
IV. That he did not receive a notice of any kind; and
V. That no proper advertisement was made, according to law, of the delinquency of the payment of his taxes.
The lower Court awarded plaintiff judgment annulling and setting aside the tax sale, and defendant has perfected an appeal to this Court.
[1] The sheriff of Ouachita Parish sent a notice of delinquency to Messina by registered mail to the address designated by Messina as his home when he applied for a homestead exemption on the property for the years 1934, 1935, 1936 and 1938, and this address was shown on the Tax Rolls as made up by the Assessor. While it is *Page 428 
true Messina has never lived on the sixteen acres and it was not in fact his home, it was so designated by him when he applied for a homestead exemption from taxes several years preceding the year the property was sold for taxes and the year following. The Assessor was fully justified in placing this address on the Tax Rolls as Messina's home address. If any address other than this one had been designated by Messina, he could not have secured the tax exemption provided for homesteads. If in order to defraud the State of the taxes due on this 16 acres of land he falsely declared he was residing thereon, he cannot now complain that notice of delinquency was mailed to that address. If this were not true, any taxpayer could defraud the State by giving an incorrect address to the Assessor. After doing so he could go his way feeling sure that his property could never be legally sold for taxes whether he paid them or not, therefore, insofar as notice is concerned, the Sheriff fully complied with the requirements of the law when he mailed the notice of delinquency to the address which had been designated by the tax debtor as his home. When the notice was returned showing "Delivery Attempted", the Sheriff proceeded to advertise the property for sale as required by law, and adjudicated same to Mr. Owens.
[2-4] Messina contends that after the notice was returned, the Sheriff should have treated him as one whose address is unknown and proceeded accordingly. There is no merit in this contention for Messina's address was known as it was given to the Assessor by him. He also complains that the Sheriff failed to make out, sign and file with the Clerk of Court the proces verbal required by Section 51 of Act 170 of 1898, as amended. This question was disposed of in the case of Reed v. Stinson, 188 So. 509, 511, by this Court in the following language: "The lawmaker evidently had in mind the desirability of safely preserving for future purposes and reference official evidence of the giving of notice to all delinquent tax debtors whose property was thereafter sold for taxes. Those who purchase property sold for taxes, after the legal requirements as to giving of notice, advertisement, etc., are not unfavorably affected because the tax collector has failed in his duty in the respect mentioned."
Our courts have correctly held that where the proces verbal has not been filed by the Sheriff and there is no legal proof that the tax notice was given, this presumption of the validity of the tax sale no longer exists. Pill v. Morgan, 186 La. 329,172 So. 409; Hargrove v. Davis, La. App., 178 So. 198.
[5] In the case at bar there is no dispute over the fact that the notice was sent by registered mail by the Sheriff to the address furnished the Assessor by Messina, therefore, the failure of the Sheriff to file the proces verbal as required by law cannot be of any comfort to Messina or in any way affect the legality of the tax sale.
We are of the opinion the tax sale was regular and legal and it therefore follows that the judgment of the lower Court is erroneous and is now reversed and the demands of plaintiff are rejected, at his costs.