LAND, J.
This is a petitory action. Plaintiff alleges ownership of a tract of land situated in the parish of Orleans, measuring about 2 leagues front on the Chef Menteur river by a depth of about 1% arpents, and sets up title from John T. Michel, of date June 11, 1908. Plaintiff alleges that said Michel acquired title in May, 1909, from the heirs of Guy Du Fossat, who acquired title December 2, 1788, by virtue of a Spanish grant; which was confirmed by act of Congress of May 11, 1820, c. 87, 3 Stat. 573.
*1043 The petition alleges that Joseph A. Mercier has taken possession of and is occupying a portion of said grant measuring about 180 feet front on Chef Menteur by about 110 in depth. Plaintiff prays for judgment recognizing petitioner to be the owner of said property, and ordering that petitioner be put in possession of the same, and condemning the defendant to pay rent at the rate of $75 per annum from, judicial demand.
The defendant Mereier answered, averring possession in himself and eight other named persons, constituting a fishing or hunting club or association, styled the “Happy Club,” and prayed that said members be made parties codefendant.' This was done and the defendants pleaded title by the prescription of 30 years, and in the alternative for judgment for the value of their improvements.
There was judgment for the plaintiff for the land in dispute and costs, and against the defendants on their reconventional demand. Defendants have appealed, and plaintiff has by answer joined in the appeal, praying for an amendment of the judgment, so as to decree plaintiff to" be the owner of the improvements, without having to pay for the same, for the reason that the defendants are squatters.
It is conceded that the legal title to the premises was once in Du Eossat, but defendants contend that they have acquired the ownership of the property by the prescription of 30 years.
The evidence shows that the land in dispute has been in the possession of persons holding adversely to Du Eossat, his heirs and assigns, since the year 1873. The first house was built by one St. Amant in 1873. Amant sold to one Bero, who in 1876 sold to Camors, Moreau, Boulement, and Trouyano. The four associated themselves into the “Happy Club,” for the purposes of hunting and fishing, and, from time to time, other members were admitted on the payment of from $50 to $75 each. Moreau, Boulement, and Trouyano are dead, and the club is now composed of Camors and his eight codefendants. Camors and his associates have been in actual possession of the property, as owners, since some time in the year 1876, and have spent a considerable sum of money in the permanent improvement of the premises.
“Immovables are prescribed for by 30 years, without any title on the part of the possessor, or whether he be in good faith or not.” C. C. arts. 3475, 3499.
The possession must be continuous and uninterrupted during all the time, public and unequivocal, and under the title of owner. C. C. art. 3500. As to the fact itself of possession, a person is presumed to have possessed as master and owner, unless it appears that the possession began in the name of and for another. C. C. art. 3488. While the articles of the Civil Code do not specifically provide for the ease of joint possession, it has been held that joint owners, possessing in common a thing belonging to them in indivisión, may prescribe against the true owner by such a possession for the required length of time. Le Blanc v. Robertson, 41 La. Ann. 1028, 6 South. 720, citing Troplong, to the effect that co-owners do not possess separately, but in common. Hence a co-owner is presumed to have possessed for account of all the interested parties. 25 Baudry-Lacantinerie, § 286, p. 223. The rule at the common law is that “joint tenancies and tenancies in common are alike, in that in both cases the cotenants hold by unity of possession.”
“Each is entitled, equally with all the others, to the entire possession of the whole property and of every part of it, and no one has the exclusive right to the whole or any particular part. * * * The entry and possession of one joint tenant or tenant in common is regarded in law as the entry and possession of all the cotenants, and will inure to the benefit of all.” 17 A. & E. Ency. Law (2d Ed.) p. 669. See, also, 23 Cyc. 490, 492.
*1045 By the purchase made in 1876, Camors and his three associates became joint tenants or copossessors of the property in controversy. Camors’ continued possession inured to the benefit of his cotenants and their ayant cause. The possessory rights of Camors’ eotenants have, or have not, been transferred to him and his eodefendants. Under the first alternative, Camors and his codefendants stand in the shoes of the four original possessors. Under the second alternative, their possessory rights remain vested in Camors and the legal representatives of his deceased copossesors. As far as the plaintiff is concerned, it makes no difference whether we adopt the first or second alternative, and the question whether Camors possessed for himself, or for himself and others, is immaterial.
The actual possession by Camors of an undivided interest in the property is a physical impossibility. His possession was necessarily of the whole premises for account of himself and his cotenants.
The actual possession of Camors for more than 30 years was continuous and uninterrupted, peaceable and public. C. C. art. 3487. It is not shown that during this time Du Eossat or his heirs ever asserted their title to this Spanish grant, or any part thereof, by any act of ownership. As a matter of fact, the possession of Camors and his associates was never disturbed until the institution of this suit. The attempt of the plaintiff to show an interruption of prescription by the reservation of the lands for military purposes hy the United States has failed, because the reservation on its face embraced only “public lands.” Moreover, the possession of Camors and his associates was never disturbed by the officers or agents of the government.
It is therefore ordered that the judgment below be reversed, and it is now ordered that plaintiff’s demand be rejected and this suit be dismissed, with costs in both courts.
See opinion of BREAUX, C. J., 57 South. 330.