## DUHE v. WILLIAMS.
### No. 17355.

Court of Appeal of Louisiana. Orleans.

Jan. 13, 1941.

Rehearing Denied Feb. 10, 1941.

Clarence F. Favret and L. F. Laurent, both of New Orleans, for appellant.

Martin & Himel, of Lutcher, for appellee.

McCALEB, Judge.

The plaintiff, Hubert A. Duhe, is the owner of a certain tract of land situated in the Parish of St. John the Baptist near Reserve, Louisiana, measuring three-fourths of an arpent front on the left bank of the Mississippi River by about 40 arpents in depth. This property was formerly owned in indivision by his father, Jacques Duhe, and his uncle, Nicaisse Duhe, Sr., who acquired it by just title from Nicaisse Madere by act of sale dated January 28, 1890. Jacques Duhe died in the year 1934 and on April 1, 1935, judgment was rendered by the Twenty-Fourth Judicial District Court for the Parish of St. John the Baptist putting his heirs in possession, including, among other sons and daughters, the plaintiff herein. On April 30, 1935, by dation en paiement, the plaintiff acquired all of the right, title and interest of his brothers and sisters in and to the tract of land and on May 20, 1935, by act of partition between plaintiff and his uncle and co-owner, Nicaisse Duhe, Sr., plaintiff became the sole owner of the land.

On February 22, 1908, the defendant, Octave Williams, married Marcee Duhe, one of the daughters of Jacques Duhe, who was then a co-owner of the tract of land with his brother, Nicaisse Duhe, Sr. Soon after the marriage and sometime during the year 1908, the defendant constructed a dwelling on the tract where he and his family have lived continuously from 1908 up to the present time. In addition to the erection of a dwelling on the tract, the defendant fenced in a portion of the land surrounding his house, which land, according to a survey made on July 18, 1939, by H. E. Landry, civil engineer and surveyor, comprises a plot of ground approximately 65 feet front and 135 feet in depth.

The plaintiff has brought this suit for the purpose of being recognized as the owner of that portion of the land which has been fenced in by the defendant and to compel him to vacate it and to remove therefrom the buildings and structures which he has erected.

The defendant admits that the plaintiff is the record owner of the property and he does not attack the conventional titles through which plaintiff acquired the land. He resists plaintiff's demand, however, on the ground that he has established a prescriptive title to that portion of the property on which he maintains his dwelling and he avers that he has been in notorious, public, physical, continuous and uninterrupted adverse possession of the property as owner thereof from the year 1908 to the date this suit was filed in 1939 or for more than 30 years.

After a trial of the case on the foregoing issue, there was judgment in the district court recognizing plaintiff as the owner of the land and rejecting the defendant's plea of acquisitive prescription by adverse possession of thirty years. The defendant has appealed to this court from the judgment below.

In support of his prescriptive title, the defendant submitted the following facts, which are not seriously disputed by the plaintiff: On February 22, 1908, the defendant married Marcee Duhe, one of the daughters of Jacques Duhe, who was then a co-owner of the tract of land in indivision with his brother, Nicaisse Duhe, Sr. About the time of his marriage, defendant purchased certain lumber and other building material and sometime later in the year 1908 he erected a dwelling house upon the land. This dwelling house was occupied by him and his wife shortly after its erection and they have lived there continuously (with the exception of a short interval of a few months when the defendant was working on a plantation in St. Charles Parish) from the year 1908 to the present time. Sometime after the dwelling was erected, the defendant enclosed a part of the land surrounding it with a picket fence. This fence was repaired from time to time and it still stands as an enclosure of the property occupied by the defendant. The fence, according to the defendant's testimony, was built by him during the latter part of the year 1908 and he asserts that Nicaisse Duhe, Sr., one of the then co-owners of the tract of land, assisted him in erecting it.

The main contention of the plaintiff is that, even if the court is convinced from the foregoing evidence that the defendant has been in continuous possession of the dwelling house and the land surrounding it which was fenced in by him since the year 1908 (or more than thirty years from the time this suit was filed), the defendant's plea of a prescriptive title by adverse possession cannot be maintained because he has not shown that he possessed the land as owner and that, under Article 3500 of the Revised Civil Code, it is not only essential that the possession of the claimant of the prescriptive title be continuous, public, unequivocal and uninterrupted but it must also be exhibited that he possessed under the title of owner. In support of this contention, counsel for plaintiff say that the evidence in the case warrants the finding that, when Williams occupied the house, which he had built shortly after his marriage to Marcee Duhe, he had no intention to possess the land on which it stood adversely to the lawful owners and that he was merely permitted or licensed to erect his home on the tract and live thereon through the indulgence of his father-in-law, Jacques Duhe.

Article 3499 of the Civil Code, which treats of prescription of thirty years, declares that "The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith." Article 3500, which sets forth the essentials required for such possession, states: "The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner." Article 3505 provides:

"All the rules established in the preceding paragraph with regard to the prescription of ten years, are applicable to the prescription of thirty years, except in the provisions contained in the present paragraph, which are contrary to or incompatible with them."

Under the paragraph dealing with the prescription of ten years, it is provided in Article 3488 that, where a person has possession of the property, he is presumed to have possession as master and owner unless it appears that the possession began in the name of and for another. And Article 3490 declares: "The circumstance of having been in possession by the permission or through the indulgence of another person, gives neither legal possession nor the right of prescribing."

Plaintiff maintains that there is no believable evidence submitted by the defendant Williams to show that, when he built a dwelling on the tract of land owned by his father-in-law and Nicaisse Duhe, he intended to possess the land upon which the

dwelling stood as owner thereof adversely to the real owners but that, on the contrary, the conclusion is inescapable that the defendant's father-in-law and Nicaisse Duhe granted to the defendant a license to live upon their land in recognition of the fact that, since the defendant was being married to Jacques Duhe's daughter and that he was a poor man, it was necessary for him to have a place to live and rear his family.

A careful investigation of the facts of the case has satisfied us that the contention of the plaintiff is well founded as our appreciation of the evidence is that the defendant at no time, prior to a few years before this suit was filed, ever maintained that he was possessing the property in question as owner adversely to his father-in-law and Nicaisse Duhe.

The evidence concerning the circumstances under which the defendant built his home on the tract of land is very meager and consists solely of his own testimony. His father-in-law, Jacques Duhe, had died before the suit was filed. The other co-owner, Nicaisse Duhe, was old and infirm and the record shows that he was unable, because of mental and physical disintegration, to give testimony in the case. The defendant's statement is that he and his wife went to his father-in-law, Jacques Duhe, at the time of their marriage and asked him to consent to the erection of a home on the tract of land for them to live in and that his father-in-law replied that he could not give them permission to build or live upon the land because he was only a half owner of it. He further says that, notwithstanding his father-in-law's refusal, he nevertheless built his house on the property and lived there because he felt that, since he was to become a member of the family through marriage, "it was due to my wife." On cross-examination, however, the defendant frankly admitted that, at the time he built his house and occupied the land, he had no intention whatever of becoming owner of the land but that he knew that, if he erected the house, his father-in-law would not eject him from the property in spite of his previous refusal to let him occupy it.

This evidence of the defendant on cross-examination impresses us with the view, which was evidently entertained by the district judge, that Williams never intended to possess the land adversely; that he always recognized the title of his father-in-law and Nicaisse Duhe, Sr. and that he occupied the property with the belief that the real owners would allow him to live there.

Moreover, it is pertinent to say that Williams' testimony to the effect that his father-in-law refused to permit him to occupy the land does not strike us as sincere. In the first place, it should be borne in mind that he was giving testimony concerning the statements of a dead man and that such type of evidence is to be regarded as the weakest sort of proof. See Gibson v. Fitts, 189 La. 753, 180 So. 509, and Foscue v. Mitchell, 190 La. 758, 182 So. 740. Add to this the fact that, although Williams stated that his wife was present at the time his father-in-law declined to permit him to occupy the land, he failed to produce her as a witness on his behalf for the purpose of supporting his testimony. Mrs. Williams' absence as a witness at the trial has not been accounted for by the defendant and, under these circumstances, we are entitled to presume that, had she testified, her statement would have been unfavorable to the defendant's case.

Another strange circumstance with respect to the defendant's testimony is that he states that Nicaisse Duhe, one of the co-owners of the land, helped him to erect the fence which he maintains was built around the house sometime in 1908. It seems most singular that, if Jacques Duhe did not give permission to Williams to occupy the land because he was not the sole owner of it or because Nicaisse Duhe, his co-owner, objected, the defendant would receive the assistance of Nicaisse Duhe in building an enclosure around the property.

It is also shown that the defendant has never attempted to have the property occupied by him assessed in his name nor has he paid any taxes thereon over the long period of years during which he has been in possession.

All of the foregoing factors lead us to the conclusion that the truth is that the defendant occupied the land in question with either the express or tacit permission and through the indulgence of his father-in-law and Nicaisse Duhe, Sr.; that he is not and never has been an adverse possessor as defined by the articles of the Civil Code and that, therefore, he has not acquired a prescriptive title to the land in contest.

Counsel for the defendant, in stressing the validity of the prescriptive title, tell us that the paramount consideration in determining the defendant's intention to possess as owner is the fact that he has built his house upon the property at great expense and that he has lived continuously thereon during all these years. The cases of Chef Menteur Land Co., Ltd., v. Mercier, 129 La. 1042, 57 So. 329, and Crighton v. Krouse, La.App., 142 So. 635, are cited in support of the proposition.

██ The cases relied upon are not apposite to the situation here presented. It is true that the fact that a person builds a house upon land and occupies it continuously as his home may be taken into consideration in determining whether he intended to possess under the title of owner and that, in the absence of other evidence, may be, in itself, sufficient to authorize a presumption that he intended to acquire a title by adverse possession. But, if such a presumption exists, it most surely may be rebutted (as it has been in this case) by other circumstances indicating that the possession was acquired by license, lease or other than as owner. After all, the question as to whether the defendant possessed the land as owner or not is purely one of fact. The District Judge, who saw and heard the witnesses, has determined the facts in plaintiff's favor and we not only fail to detect manifest error in the judge's finding but we fully concur in the result he reached.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.