TATE, Judge.
The very narrow question presented for our determination by this appeal is whether a co-owner can without joining his co-owners institute a possessory action against one allegedly disturbing his possession of a tract of land. Plaintiff co-owner appeals from judgment below sustaining an exception of no right of action and dismissing his suit.
Plaintiff alleged real and actual possession of a certain tract of. land for more than one year previous to an alleged disturbance of his possession by defendant, who allegedly erected a fence and cut some timber from this tract immediately prior to suit. Plaintiff prayed for judgment “restoring and quieting your petitioner in the possession of said property, and ordering said defendant to remove said fence from said property.”
It is stipulated that plaintiff owned only a 214oth interest in indivisión in the tract in question.
Articles 43-60, Code of Practice, treat of the real actions known as the petitory action and the possessory action; the former of which seeks recognition of ownership, the latter only of possession.
Article 47, C.P., relating to possessory actions only, provides:
“The possessors entitled to bring these actions are those who possess as owners.
“Persons entitled to the usufruct or to the use of a real estate, and others having real rights growing from such real estate, may also bring their action, ■when disturbed in the enjoyment of their rights.” (Italics ours.)
*736 Able counsel for defendant-appellee strongly contends that a co-owner, having merely a limited ownership in the property, does not possess as owner. It is argued that real and actual possession as owner must be “dominion and control of the property * * * the right of absolute possession of sovereignty,” Ciaccio v. Hartman, 170 La. 949, 129 So. 540, at page 541. (This case held only that the petition’s allegation of “real and actual possession” sufficiently denoted a factual allegation of control or active possession as owner, so as not to be defective as merely a legal conclusion.)
But if a co-owner does not possess as owner, in what capacity does he possess ? While no co-owner can possess any portion of the property to the exclusion of the other co-owners, all co-owners thereof have no equal right to possess and use the property, Stinson, v. Marston, 185 La. 365, 169 So. 436, Loret v. Fugler, La.App. 1 Cir., 71 So.2d 384.
Defendant-appellee further cites Article 45, C.P., specifically granting the right to an owner in indivisión to institute a peti-tory suit, and argues that by implication a similar right, was withheld from such co-owner to institute a possessory action by the failure of Article 47, C.P., above-cited, to set forth with similar specificity such right of action. It was with this argument that the able.District Court agreed.
However, we feel that the broad provisions of Article 47, C.P., include co-owners within those authorized to institute suit as being both-among “those who possess as owners” and those “having real rights” in such estate, Article 47, C.P. In addition, Article 15, C.P., provides that any party “having a real and 'actual interest” may bring his action “as soon as that interest arises”.
Defendant-appellee points out the confusing questions which may arise from a co-owner instituting suit for possession, without joining his co-owners. If he possesses outside the limits of his title, does he possess- for himself only or for his co-owners also? If defendant herein has subsequent to institution of this suit (9 years ago) had possession of the land in controversy for sufficient time to acquire title by prescription; does plaintiff’s interruption by lawsuit, Article 3518, LSA-C.C., of this prescription as to his own 2j4oth interest, also interrupt such acquisitive prescription as to the 16Aoth interest owned by the co-owners who are not parties to this action? If not, could the finality of a judgment in favor of plaintiff requiring removal of the fence nine years and eleven months after this fence so placed by defendant in good faith reliance upon acquisition of a deed transla-tive of title, thus prevent defendant acquiring title of the 1%oth interest owned by the co-heirs (who did not themselves legally interrupt prescription) by the ten year’s acquisitive prescription provided by Article 3478, LSA-C.C.?
These interesting questions might indicate that the preferable procedure would be to join all co-owners as parties in instituting a possessory action. However, we do not believe that they justify our holding plaintiff co-owner without right to sue, in view of the codal authorization. Perhaps the doctrine that a co-owner is presumed to possess for his co-owners and possesses the whole and not just his undivided interest, Chef Menteur Land Co. v. Mercier, 129 La. 1042, 57 So. 329, affords some help in resolution of these perplexing problems, which we do not feel called upon to decide at this time.
For the above and foregoing reasons, the judgment of the District Court sustaining defendant’s exception of no right and cause of action and dismissing plaintiff’s suit, is hereby reversed and annulled; and this case is remanded to the trial court to be proceeded with in accordance with law. *737 Costs of this appeal to be paid by defendant-appellee; all other costs to await assessment until final determination of these proceedings.
Reversed and remanded.