ELLIS, Judge.
Plaintiff, alleging himsef to be the true and lawful owner of all that portion of the West Half of the Southwest Quarter of Section 36 T 6 S R 7 E in the Parish of Tangipahoa, which lies south and west of Arnold’s Creek, then alleged that the de *391 fendant, pretending to be the owner, had disturbed his possession by erecting a fence on the property and cutting or causing to be cut timber thereon on or about the third or eighth day of December, 1946, and that such acts constituted the disturbance of petitioner’s real and actual possession which he had enjoyed quietly and without interruption, and that less than a year had elapsed since the disturbance occurred, and he, therefore, prayed that his possession be restored and quieted and the defendant be ordered to remove the fence on his property.
Defendant denied any ownership or possession in the plaintiff and set up ownership as well as possession through herself and ancestors in title of the enclosed land, which amounts to approximately seven acres, for a period of over fifty years.
The case was duly tried and judgment rendered in favor of the defendant, ordering plaintiff’s suit dismissed at his cost, from which judgment the plaintiff has appealed.
This case was before this court previously (see 88 So.2d 735) in which it was necessary to decide whether a co-owner could maintain a possessory action. We answered in the affirmative.
On October 19, 1938 plaintiff herein acquired from James M. Leslie an undivided 24/40 interest in the property described as follows:
“That certain tract or parcel of land in Tangipahoa Parish, La., particularly described as bounded on S. by land of Bounderant on west by lands of Benton, on N and E by Arnold Creek containing 25 acre more or less and being in Section 36 T 6 S R 7 E, in said Parish of Tangipahoa, State of Louisiana, and said property having been acquired by vendor partly by purchase and partly by inheritance from his deceased mother Mrs. Mary J. Leslie and acquired originally from heirs of Henry Anderson on June 5, 1905, as per act duly recorded in Tangi-pahoa Parish records of conveyance. This said property is presently described as being bounded North by Quiroga East by Arnold Creek South by Weinberger Road, and West by Property belonging to Joe Demarco, known as the Starr farm and the property herein conveyed consists of all the property between the Quiroga property on the North the Arnold Creek on the East the Weinberger on the south and Starr farm on the west.”
It is the contention of the plaintiff that under this deed he acquired the stated interest in approximately seven acres of land contained in the NW/4 of the SW/4 bounded generally on the East by Arnold’s Creek which, according to the map introduced in evidence enters this quarter section right at the northwest corner. This creek is shown to be very crooked and therefore would bound the disputed land if strictly described on the north and east. It is admitted that plaintiff owns the land to the south in the SW/4 of the SW/4 containing approximately 25 acres, and it is bounded by the same creek which could be described as bounding the 25 acres on the north and east. Plaintiff also owns the land to the west of this section line which is the western boundary of the 25 acres owned by plaintiff and the seven acres claimed to be owned by plaintiff and the subject of this lawsuit.
While the title as such of the plaintiff is not at issue in this possessory action, it is the key to the nature of the possession claimed by plaintiff. Plaintiff claims that his actual, open, corporeal possession of the south 25 acres which it is admitted he owns, together with his intention to possess the whole tract or the seven acres, constitutes possession of the whole. It is readily seen at first glance by reference to the description under which he acquired from James Leslie that the land is described as twenty-five acres more or less, the said property having been acquired by Leslie partly by purchase and partly by inherit- *392 anee from his deceased mother, Mrs. Mary J. Leslie, “and acquired originally from the heirs of Henry Anderson on June 5, 1905, as per act duly recorded in Tangipahoa Parish Records of Conveyance.” Then follows an attempt to precisely describe the property. It is proper that the two descriptions he compared. The deed from the heirs of Henry Anderson, viz., Mrs. Henry Anderson, Mrs. Elizabeth Blomquist et als., to Mrs. Mary Leslie, mother of plaintiff’s author in title, described the property as follows:
“A certain piece of land situated in parish of Tangipahoa, State Of Louisiana, near town of Hammond, described and designated as being bounded on the south by land of Bounderant on west by land of Benton, North and East by Arnold Creek being same property which the said Mrs. Lesslie now resides and has resided for the past 30 years, and being the same property sold by Henry Anderson deceased to Geo. Lesslie deceased, under date of January 13th 1876, and the said Henry Anderson having died before he could make to said George Lesslie a formal act of sale thereto and that they acknowledge that the said George Lesslie had paid said Henry Anderson before his death.”
This deed was executed the 5th day of June, 1905.
On the 31st of December, 1895, we find the heirs of Henry Anderson transferred to each other certain property. Mrs. Eliza Blomquist, the same lady that signed the •deed as an heir of Mrs. Henry Anderson to Mrs. Mary Leslie in 1905, in this deed acquired the NW/4 of SW/4 of Section 36 T 6 S R 7 E, containing forty acres. We also find in this deed that Mrs. Mary A. Anderson, who was Mrs. Henry Anderson, acquired “the north 15 acres more or less of S.W.4 of S.W.4 of Section 36 T 6 S R 6 E South of the land sold and apportioned to Mrs. Blomquist & north of the land of G. G. Leslie * * (Emphasis added.)
The second description shown in' the deed from Leslie to plaintiff is in absolute conflict with the description of the land transferred in the deed just mentioned, for by the second description, the land transferred by Leslie to plaintiff would be bounded on the north by Quiroga and it is shown that the Quiroga property touched or joined the property in dispute only at the northwest corner. The 25 acres which plaintiff acquired the undivided interest in from Leslie had never been described previously as being bounded on the north by Quiroga.
If this were a petitory action a further analysis of the descriptions in previous deeds would be most pertinent and necessary, and although - there is an apparent clash between the description which refers to the deed executed on the fifth day of June, 1905 and description No. 2, added for the first time in the deed whereby plaintiff acquired his undivided interest, we will consider plaintiff’s contention as if the deed covered the seven acres in question.
 The District Court decided that plaintiff had not shown possession of the land in question but on the contrary the defendant had shown actual possession of the land through the acts of her predecessors in title, viz., her father.
It is shown that the defendant’s father did put fences across the property in dispute, at one time had a tenant house on it, a well which he had dug himself and these tenants had grown a garden on the property. It is true that the fences had fallen from age. In addition, the testimony shows that the plaintiff never thought he even owned this 7 acres and if he did not believe this, he had no intention of possessing it under his title. An intention to possess the whole is absolutely necessary where one claims that actual possession of a part constitutes possession of a whole where such possession is intended to cover the whole. Witnesses were produced by the defendant which the lower court evidently believed that the plaintiff had at *393 tempted to buy this seven acres of land from the defendant on approximately five different occasions. Plaintiff had never attempted to fence the seven acres of land or do anything with it, yet, he had cattle and a need for the property, and he had the balance of his property under fence with improvements built thereon. We agree with the lower court that the plaintiff never believed that he owned the seven acres of land and never intended to possess it.
For the above and foregoing reasons the judgment of the district court is affirmed.