PRICE, Judge.
By this action the legal representatives of the Succession of Robert C. Windes, Sr. are attempting to set aside the sale of a thirty acre tract of land in Madison Parish, Louisiana, for 1964 State and Parish taxes.
Plaintiffs contend that no notice of taxes due, notice of delinquency or of the proposed sale was ever conveyed to Windes as required by law.
The purchaser at the tax sale, Rufus Yerger, filed a reconventional demand, asking the court to confirm and quiet the title to the property in his name as more than three years had passed since the sale and no action had been taken by the tax debtor to redeem the property.
After trial on the merits the district court rejected plaintiffs’ demands and rendered judgment under the reconventional demand, quieting title to the property in the name of the tax purchaser. Plaintiffs have perfected this suspensive appeal.
The facts of the case are not contradicted and are substantially as follows:
Windes owned the subject property for many years and the assessment roll of Madison Parish carried his mailing address as Post Office Box 21, New Orleans, Louisiana. Windes, a lifelong resident of New Orleans, operated two business ventures, Fairchild Motor Corporation and Monroe Hardware Company. Prior to June, 1962, Post Office Box 21 at a New Orleans Post Office was registered in the name of R. C. Windes, Sr. and Fairchild Motor Corporation. Post Office Box 1605 was registered to Monroe Hardware Company and R. C. Windes, Sr. In June, 1962, the post office in New Orleans was renovated, necessitating changes in box numbers. Windes consolidated his two boxes connected with his businesses into Lock Drawer No. 30607. No instructions were given to change his address on the tax rolls of Madison Parish and he continued to receive the notices as previously addressed for the year 1963 and taxes for this year were paid on October 8, 1963.
Windes died in February, 1969, and in making an inquiry concerning this property, the attorney handling his estate was informed the property had been sold for taxes in 1964. This action was filed in September, 1969, after the expiration of the three-year redemptive period, but within the five-year period of redemption provided by Article 10, Section 11 of the Louisiana Constitution of 1921.
*226 Mrs. Esther Windes, widow of Robert C. Windes, Sr., testified that she was closely associated with the business affairs of her husband during the years of their marriage and participated in the preparation and mailing of checks in payment of bills. She testified that he was very prompt in payment of all statements received. After change of the post office box numbers, Mrs. Windes testified all mail addressed to the former box numbers was properly forwarded by the post office to the current lock drawer. She testified her husband was well known by all of the postal employees and no difficulty was encountered in receiving mail. She had no knowledge of the 1964 tax notice, or subsequent notice of delinquency being received.
In support of his contention that all proceedings in regard to the sale were in accordance with the law, the defendant elicited the testimony of the deputy sheriff, who performed all of the duties surrounding the mailing of tax notices, preparation of the delinquent list and mailing of notice of delinquency and sale for the year 1964. This witness described the usual procedure employed in carrying out the collection of taxes. She prepared the notice in triplicate from the assessor’s tax roll prior to October 1st. On or about October 1st tax notices were mailed to all tax debtors at the address reflected on the tax roll. One of the multiple copies serves as a receipt and upon payment of the tax is given to the taxpayer. This copy is retained by the sheriff’s office in a book until payment is made. Taxes become delinquent after December 31st, and sometime during February the delinquent list was prepared, using the book of retained receipts as a source to determine the unpaid taxes. Delinquent notices were prepared from the book of receipts and these notices were mailed by certified mail, return receipt requested. The deputy testified that the usual procedure was followed in the year in question, but due to a remodeling of the sheriff’s office all return receipts for several years, inclusive of 1964, were lost or misplaced and cannot be found.
The deputy testified she recalled making up a delinquent list containing 95 names, and that R. C. Windes, Sr. appeared on this list. She recalled preparing 95 notices and a check was introduced in evidence showing 95 pieces of certified mail were sent on the date notices were mailed out. However, the deputy admitted, under cross-examination, that she had no independent recollection of having specifically posted a registered notice to R. C. Windes, Sr. She admitted it was impossible to remember the names of any of the persons to whom she sent notices for that year.
Since the return receipt was lost, this testimony was the only evidence introduced by the defendant tending to show that notice was sent to R. C. Windes. The law pertaining to the collection of taxes and the quieting of tax titles is set forth in the Louisiana Constitution Article 10, Section 11, which provides in pertinent part:
“There shall be no forfeiture of property for the nonpayment of taxes, but at the expiration of the year in which said taxes are due, the collector shall, without suit, and after giving notice to the delinquent in the manner provided by law * * (Emphasis supplied.)
The giving of notice, as set forth in the above constitutional provision, has been regarded as sacramental to the validity of any tax sale. This provision goes on further to state that if no notice is given then suit to annul the tax sale on these grounds must be brought within five years from the recordation of the tax deed. It is clear that petitioner has filed suit within the proper period.
La.R.S. 47:2180 supplements the above constitutional provision by providing the manner of giving notice. This statute provides in pertinent part:
“A. On the second day of January each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes, which have been as *227 sessed to him on immovable property, or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased, written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law.
B. The tax collector shall send to each taxpayer by registered or certified mail ivith return receipt requested the notice prescribed herein, provided that in cities containing a population of over fifty thousand persons, the tax collector may either send this notice by registered or certified mail or may make personal or domiciliary service on the taxpayer. After the tax collector shall have completed the service of the notices herein required, either by mail or by personal or domiciliary service, he shall make out a proces verbal stating therein the names of delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service of notice was made. Such proces verbal shall be signed officially by him in the presence of two witnesses and filed, in parishes other than the parish of Orleans, in the office of the clerk of court for recording and preservation. In the parish of Orleans, such proces verbal shall be filed in the office of the state tax collector for the city of New Orleans and preserved for record. This proces verbal shall be received by the courts as evidence. * * * ” (Emphasis supplied.)
In the instant case there is no proof in the record that a proces verbal as prescribed by Section B. of the foregoing statute was either prepared or recorded as required by the statute.
In the case of Hargrove v. Davis, 178 So. 198 (Ct.App. 1st Cir., 1938), similar issues confronted the court as are involved herein.
The court discussed the effect of the failure by the Sheriff to record the proces verbal as follows:
“Where the sheriff makes up and files in the office of the clerk of court the proces verbal of tax delinquents as required by the above-mentioned section' of the revenue law, the presumption arises that notices of delinquency were served as therein stated, and the burden' then rests on the tax debtor to show that no notice was given. But where no such proces verbal is filed as required by this section of the revenue law, the presumption as to the regtdarity of the tax deed is negatived and rebutted, and it then devolves on the tax purchaser to prove that all requisites for a valid tax sale, including notice of delinquency, were complied with. Pill v. Morgan, et al., 186 La. 329, 172 So. 409.” (Emphasis supplied.)
The jurisprudence has consistently held that in the absence of the recordation of the required proces verbal reflecting the names of all tax delinquents, and other information required by the statute, the burden is clearly on the tax purchaser to prove the tax debtor received proper notice.
In the case of Tangipahoa Parish School Board v. Fortenberry, 12 So.2d 639 (Ct. App. 1st Cir., 1943), [decided prior to the amendment to the statute requiring a registered return receipt], no proces verbal was presented in the evidence. In the absence of the proces verbal the court held that the burden rested with the tax purchaser to prove that the requisite notice had been given. It found that the only proof tending to show that the notice of delinquency had been mailed was the'statement of the deputy sheriff that the sheriff’s office had always sent out notices to the tax *228 debtor according to the names and addresses given on the tax rolls. The court held that such testimony by the deputy sheriff did not prove to a legal and reasonable certainty that the notice provisions of the statute had actually been complied with.
The requirement in the present statute that the notice of delinquency be sent to the debtor by registered mail with a return receipt requested has as its purpose furnishing the tax purchaser a positive means of proof of receipt of notice by the tax debtor when it becomes necessary to defend his tax title. It is indeed unfortunate that the return receipts are not available for the year in question. However, the absence of these documents from the files of the sheriff cannot operate to relax the burden required of the tax purchaser.
We do not find that the tax purchaser has sustained the burden of proving notice was received by the debtor in accordance with the law for the year in which the property was sold. The mere probability of the sheriff’s office having carried out its duties without committing human error is not sufficient. There must be clear and convincing proof that the necessary notice was conveyed to the tax debtor, and, in the absence of same, the sale of the debtor’s property is a nullity.
For the foregoing reasons, the judgment appealed from is reversed and it is therefore ordered, adjudged and decreed that the tax sale by the Sheriff of Madison Parish, to Rufus Yerger, dated April 24, 1965, and recorded in Conveyance Book 12, Folio 382, Records of Madison Parish, is hereby declared to be null and void, and that the title possessed by R. C. Windes, Sr. prior to the date of this sale be fully restored to the Succession of R. C. Windes, Sr., to the following described property:
A tract of land off of the West side of Section 25, Township 15 North, Range 15 East, Madison Parish, Louisiana. Said parcel of land containing approximately 32 acres more or less.
The judgment is subject to the condition that the plaintiffs reimburse the defendants for the price paid at the tax sale.
All costs of this suit are to be paid by defendant-appellee.