355 So.2d 44 (1978)
Mrs. Nellie Crouch MASON et al., Plaintiffs-Appellees,
v.
Mrs. Johnnie NATTIN, Defendant-Appellant.
No. 13420.
Court of Appeal of Louisiana, Second Circuit.
January 16, 1978.
Rehearing Denied March 1, 1978.
Ford E. Stinson, Benton, for defendantappellant.
*45 James R. Phillips, Bossier City, for plaintiffs-appellees.
Before BOLIN, MARVIN and JONES, JJ.
En Banc. Rehearing Denied March 1, 1978.
JONES, Judge.
Plaintiffs, a widow and her two children, seek to annul a tax sale of their property to defendant, Mrs. Johnnie Nattin. The trial court annulled the sale on the basis of improper notice to the parties plaintiff as required by LSA-R.S. 47:2180(A).[1] We reverse and set aside the judgment herein and remand for further proceedings.
Plaintiff and her husband purchased the subject community property in 1945. Plaintiff's husband died intestate in 1956 and his one-half interest in the community was inherited by his two children (a son and daughter). No succession proceeding was filed. In 1969 the city taxes on the property were unpaid. The tax collector mailed a registered letter concerning the delinquency of taxes on the subject property. This letter was received and signed for by decedent's 20 year old son, then legally a minor. There is no copy of this letter in the record and we do not know its exact contents or to whom it was addressed. The property was sold on July 22, 1970, at a tax sale to defendant. The plaintiffs, widow and son, have continued to live on the property since the sale. City, state and parish taxes accruing after the tax sale have been paid by defendant.
When plaintiffs filed suit against defendant, Mrs. Nattin, they failed to include her husband who is an indispensable party to an action to annul a tax sale in which the community of acquets and gains is the tax purchaser. There is no evidence in the record establishing the defendant and her husband are separate in property. The law presumes property purchased in the name of either spouse during the existence of the community is community property in the absence of the deed of acquisition containing the double declaration that it was acquired by the purchasing spouse with her separate funds for her separate estate. The tax deed contained no such declaration. There is no evidence that the wife made this purchase with her separate funds for her separate estate.
This court may notice on its own motion the nonjoinder of an indispensable party. C.C.P. Art. 927. Accordingly, we reverse and set aside the judgment annulling the tax sale and remand the case to the district court for joinder of the defendant's husband as a party, and for further proceedings in accordance with the law and views expressed herein.
The record before us does not show recordation of the proces verbal detailing the tax collector's notification to tax debtors as required by LSA-R.S. 47:2180(B).[2] In such cases the burden of establishing the proper notice of tax delinquency to owners rests upon the purchaser of the property at the tax sale. If the proces verbal is recorded, the burden of establishing irregularities in the tax sale rests upon the party attacking the validity of the sale. Succession of Windes v. Yerger, 234 So.2d 224 (La.App., 2d Cir. 1970).
*46 On remand, the litigants should establish whether the proces verbal has been recorded, and if so, a certified copy should be included in the record to allow the trial court to evaluate it with the other evidence in determining compliance with the statute.
The judgment is reversed and the case is remanded for further proceedings in accord with this opinion.
NOTES
[1] § 2180(A) "On the second day of January each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes, which have been assessed to him on immovable property, or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased, written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law."
[2] § 2180(B) "* * * After the tax collector shall have completed the service, he shall make out a proces verbal stating therein the names of delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service of notice was made. Such proces verbal shall be signed officially by him in the presence of two witnesses and filed, in the parishes other than the parish of Orleans, in the office of the clerk of court for recording and preservation. . . . This proces verbal shall be received by the courts as evidence.. . . ." (Emphasis added)