WATKINS, Judge.
This suit involves a parcel of land located at 826 Bell Street in Plaquemine, Louisiana. Plaintiff, Alvin Florida, purchased this property at an Iberville Parish tax sale on May 14, 1975. The local newspaper advertisement listing properties available at this sale described the tract as follows:
Eliska Smith Et al
2105 St. Andrew Street
New Orleans, LA
#6368
Lot front Road, W by Green,
N by tract 14 CB 101 E 120 $100.00
Improvements $200.00
Taxes $12.45
Notices .95
Interest .48
Advertisement 7.00
$20.88
Plaintiff paid the delinquent taxes and costs and six days later, on May 20, 1975, the deed to the property was recorded in his name.
On June 18, 1975, defendant, Monroe Roscoe, purchased the identical tract of land from Iola Smith Page and Ricky Lee Smith who had acquired full ownership interest in the property by virtue of the judgments of possession signed June 10, 1975, in the Successions of John Smith, Jr. and Eliska T. Smith.
Eliska T. Smith and John Smith, Jr., ancestors in title of Ricky Lee and Iola Smith (Page), and Iola Smith Page, individually, acquired the property by an act of partition dated October 4, 1950. This tract is more fully described in that act as follows:
That certain parcel of land, with all buildings and improvements thereon situated, measuring 120 feet front on the Road by a depth between parallel lines of 97 feet, bounded on the South by said Road, on the West by property herein alloted to Rebecca Smith Green, on the North by tract 1⅛ and on the East by property of Arthur Williams. (Emphasis ours.)
The partition was recorded in Conveyance Book 101 Entry 120 which is the reference given in the tax sale advertisement.
Until conveyed to the plaintiff by tax deed in May, 1975, no other act affecting this property had been recorded since the partition in 1950. Thus, the tax rolls showed Eliska Smith, John Smith, Jr. and Iola Smith Page to be record owners.
In June, 1980, plaintiff brought a suit against Ricky Lee and Iola Smith to quiet title on this property pursuant to La.Const. Art. VII § 25 and LSA-R.S. 47:2228. They being found absentees by the court, a curator, John Wilbert, III, was appointed to represent them. He testified at trial that he was unsuccessful in his attempts to locate the defendants. Since no action to nullify the tax sale was filed, {See LSA-R.S. 47:2226, 2228) judgment confirming and quieting title to the property was rendered soon thereafter on October 21, 1980.
Although defendant Roscoe testified he attempted to contact Florida to redeem the property, the record indicates that no such redemption occurred for the three year period commencing on May 20, 1975, the date of recordation of the tax sale. La.Const. art. 7, § 25(B), LSA-R.S. 47:2221.
Shortly after purchasing the property, defendant Roscoe began renovations in anticipation of renting the house located thereon. The record indicates that at least two other tenants leased the property prior to defendant, Barbara Forest, who moved into the home in January, 1980. Mr. Roscoe testified that he never paid any taxes on this property since its purchase.
The instant suit was filed in February, 1981, after the plaintiff had learned that *408 someone else, namely defendant Roscoe, had been claiming title to the property and deriving revenue from it. In his petition, he sought to be placed in possession of the property and also to recover from Roscoe payments made to him by defendant Forest for rental of the home. Defendant Roscoe answered by asserting ownership of the property. Barbara Forest, in reconvention, filed a concursus proceeding, allowing her to deposit her rental payments into the registry of the court pending the outcome of this suit. In addition, she sought recovery of her attorney’s fee incurred in convoking the concursus proceeding and defending the principal demand.
The trial court rendered judgment in favor of Alvin Florida, recognizing his ownership and awarding him the rentals for a fifty-twó month period from January, 1980 until April, 1984, the date of the signing of the judgment. The court also awarded Barbara Forest her attorney’s fees which were paid out of the sums deposited in the registry of the court. From this judgment, defendant appeals.
The issue now before this Court is whether there exists any basis upon which the tax sale whereby the plaintiff, Alvin Florida, acquired the property could be nullified.
Defendant contends that the tax sale should be nullified because of two factors; namely, the property description given in the advertisement was inadequate and secondly, the owners were not properly notified of the tax sale.
A tax sale can be attacked despite the passage of the five year prescriptive period of La. Const. Art. 7 § 25 and the prohibition of LSA-R.S. 47:2181 if there exist defects which if proven would render it an absolute nullity. Hubbs v. Canova, 401 So.2d 962 (La.1981). In Hubbs, the defective description of the property sold rendered that sale an absolute nullity. It read:
Part NW/4 Section 43; Part NE/4 Section 52; Part NW/4 Section 52; East of Bayou Gross Tete T. 8 S., RUE Cut over land 128 ¾ acres 200.
It was found insufficient in that it failed to specify completely what portions of the tracts were to be sold and what ownership interests were actually involved.
When there is an error in the description of land to be assessed, the tax sale is still valid if the land can be reasonably identified or the description furnishes the means for identification. Knapp v. Jefferson-Plaquemines Drainage Dist., 224 La. 105, 68 So.2d 774 (1953); LSA-R.S. 47:2181. If the description is defective, resort may be had to evidence outside the assessment roll or tax deed to identify the property, provided such evidence unmistakably establishes the identity of the property. Knapp, supra. The question is whether the description would enable an interested party to identify the property sought to be assessed and conveyed. Tillery v. Fuller, 190 La. 586, 182 So. 683 (1938); Jackson v. Irion, 196 La. 728, 200 So. 18 (1941); Yuges Realty v. Jefferson Parish Developers, 205 La. 1033, 18 So.2d 607 (1944).
Id. at p. 964.
We find the property description here is adequate. In this instance, it appears that the assessor choose to briefly describe this tract by only giving the boundaries or the names of the owners upon each side. See LSA-R.S. 47:2181. Although not embodied with great detail, it does provide means by which an interested party could identify the property to be assessed in that it states the conveyance book and entry number where a more thorough description could be found. Entry 120 in conveyance book 101 is the act of partition which not only describes the tract in dispute but also the larger tract from which it was subdivided. Therefore, we agree with the trial court’s finding of fact that the property description was sufficient.
We disagree however with the court’s finding that the notice of the tax sale was adequate. A review of the record indicates that the. trial court was clearly wrong in its finding of fact as to the ade- *409 quaey of notice. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
As we stated in Hubbs v. Canova, 392 So.2d 486 (La.App. 1st Cir.1980), notice of delinquency and intention to sell is jurisdictional in nature and a tax sale made without the giving of such notice before the sale is stricken with nullity.
LSA-R.S. 47:2101 requires the tax collector to send a tax notice stating the amount of taxes that are presently due by the owner of the property. When taxes become delinquent, LSA-R.S. 47:2180[1] and La. Const. Art. VII, § 25(A) require that notice of delinquency be given before a tax sale can be valid.
LSA-R.S. 47:2180(B) provides that the tax collector must file a proces verbal in the clerk of court’s office setting forth the names of the notified delinquents, their addresses, descriptions of the property, amount of taxes due, and how service of notice was made. The record before us is devoid of proof that a proces verbal was either prepared or recorded as required by the statute.
The only evidence in the record pertaining to the issue of notice of delinquency is the testimony of Louis Nereaux, a former employee of Iberville Parish Assessor’s office. The trial judge found his testimony conclusive as to whether this notice was actually given. However, a thorough reading of his testimony shows that Mr. Ner-eaux was no longer employed by the assessor’s office when the notices of delinquent taxes for 1974 were mailed. He further testified that in efforts to comply with a subpoena duces tecum issued to him, he conducted a thorough search for certificates and return receipts of the notices sent for that year but was unsuccessful in locating them due to the fact that these records were apparently lost in a later moving process. Thus, the proces verbal becomes very significant in making a determination as to whether adequate notice was given.
LSA-R.S. 47:2180(B) mandates that the proces verbal is to be received by the courts as evidence. If the proces verbal is recorded, the burden of establishing irregularities in notice of tax sale rests upon the party attacking the validity of the sale. In absence of the recordation of the proces verbal, the burden of proof is on the tax purchaser to show by clear and convincing proof that the necessary notice was conveyed to the tax debtor. Landry v. Beaugh, 452 So.2d 400 (La.App. 3d Cir.1984), writs denied, 458 So.2d 121 (La.1984); Mason v. Nattin, 355 So.2d 44 (La.App. 2d Cir.1978); Succession of Windes v. *410 Yerger, 234 So.2d 224 (La.App. 2d Cir.1970).
Therefore, we remand the case to allow the litigants to determine whether a proces verbal has been recorded for this tax sale and if so, a certified copy should be entered into the record. Sanchez v. Sanchez, 460 So.2d 24 (La.App. 1st Cir.1984); LSA-C. C.P. art. 2164. In addition, further evidence should be allowed in establishing whether notice was in fact given to the taxpayer. Assessment of costs will be deferred pending the outcome of this litigation.
REVERSED AND REMANDED.

. LSA-R.S. 47:2180(A) and (B) read as follows:
A. On the second day of January each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes, which have been assessed to him on immovable property, or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased, written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law.
B. The tax collector shall send to each taxpayer by certified mail, with return receipt requested, the notice prescribed herein, provided that in cities containing a population of over fifty thousand persons, the tax collector may either send this notice by certified mail or may make personal or domiciliary service on the taxpayer. After the tax collector shall have completed the service by the notices herein required, either by mail or by personal or domiciliary service, he shall make out a proces verbal stating therein the names of delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service of notice was made. Such proces verbal shall be signed officially by him in the presence of two witnesses and filed, in the parishes other than the parish of Orleans, in the office of the clerk of court for recording and preservation. In the parish of Orleans, such proces verbal shall be filed in the office of the state tax collector for the city of New Orleans and preserved for record. This proces verbal shall be received by the courts as evidence. The tax collector shall be entitled to collect actual mailing costs of each certified, with return receipt, notice, and mileage shall be charged for service of this notice. A like charge will be made if the property is adjudicated to the state or any subdivision thereof.