Dear Ms. Greco:
As General Counsel for Sheriff Elmer B. Litchfield, you request our legal opinion on the following question: does the law require a parish clerk of court to create a "by name" index in the conveyance records of those names listed on the tax collector's proces verbal of tax delinquency?
R.S. 47:2180(B) states that the tax collector must file a proces verbal in the clerk of court's office setting forth the names of the notified tax delinquents, their addresses, descriptions of the property, amount of taxes due, and how service of notice was made. R.S. 47:2180 pertinently provides:
 B. The tax collector shall send to each taxpayer by certified mail, with return receipt requested, the notice prescribed herein, provided that in cities containing a population of over fifty thousand persons, the tax collector may either send this notice by certified mail or may make personal or domiciliary service on the taxpayer. In the event the certified notice is returned as being undeliverable by the post office, the tax collector may comply with Article 7
Section 25 of the Constitution of Louisiana and the provisions of this Section by advertising the tax debtor's property in the advertising required for unknown owners in Subsection C of this Section. After the tax collector shall have completed the service by the notices herein required, either by mail or by personal or domiciliary service, he shall make out a proces verbal stating therein the names of delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service of notice was made. Such proces verbal shall be signed officially by him in the presence of two witnesses and filed, in the parishes other than the parish of Orleans, in the office of the clerk of court for recording and preservation. In the parish of Orleans, such proces verbal shall be filed in the office of the state tax collector for the city of New Orleans and preserved for record. This proces verbal shall be received by the courts as evidence. The tax collector shall be entitled to collect actual mailing costs of each certified, with return receipt, notice, and mileage shall be charged for service of this notice. A like charge will be made if the property is adjudicated to the state or any subdivision thereof. (Emphasis added).
The giving of notice to the tax debtor of delinquency is mandated by R.S. 47:2180 and LSA-Const. Art. 7, § 25 (1974).[1] "Such notice must be given to a tax debtor before his property may be sold for nonpayment of taxes . . . the failure of the tax collector to perform this obligation renders the tax sale null and void." See Childress vs.Johnson, 387 So.2d 1217 (La.App. 1st Cir. 1980), at page 1217.
We agree with your assessment that the purpose of filing the proces verbal of notice seems to be for its preservation in the event it is needed by the court as evidence. This interpretation is supported by the jurisprudence. If the proces verbal is recorded, the burden of establishing irregularities in the notice of the tax sale rests upon the party attacking the validity of the sale. In the absence of the recordation of the proces verbal, the burden of proof is on the tax purchaser to show by clear and convincing proof that the necessary notice was conveyed to the tax debtor. Florida vs. Roscoe, 479 So.2d 406
(La.App. 1st Cir. 1985), at page 409; see also Windes vs. Yerger,234 So.2d 224 (La.App. 2nd Cir. 1970), and Hargrove v. Davis, 178 So. 198
(La.App. 1st Cir. 1938).
The proces verbal of notice does not create an encumbrance on an immovable nor does it transfer title to an immovable. In contrast, a tax lien is created by the filing of the tax roll with the clerk of court, pursuant to R.S. 47:1993[2] and is required by law to be recorded in the mortgage records. A tax deed acts to transfer title (see LSA-Const. Art. 7, § 25 (1974) stating "a tax deed by a tax collector shall be prima facie evidence that a valid sale was made"), and is required by law to be recorded in the conveyance records.[3] Notarial acts which affect immovables in the described manner are required to be recorded by the clerk of court in the conveyance and mortgage records as directed by R.S. 44:131.[4] See also R.S. 9:2742.[5]
Further, notarial acts are required by law to be indexed according to the language of R.S. 13:901, providing:
 § 901. Requirements for indexing names contained in notarial acts
 The clerks of the various courts, including the recorder of mortgages and the register of conveyances for the parish of Orleans, shall index any notarial act required to be recorded in the names of the natural persons as recited in the act, including the christian name, middle name or middle initial, and family name of such natural person. In addition, if a woman is a party to a notarial act, such act shall also be indexed in her married name.
A clerk of court may collect a fee for indexing notarial acts pursuant to R.S. 13:841(75), which states:
§ 841. Enumeration of fees in civil matters
 The clerks of the several district courts shall be entitled to demand and receive the following fees of office and no more in civil matters:
 (75) For indexing of all documents filed for record, for each name indexed, seventy-five cents.
Our inquiry would be concluded if we found the foregoing provisions of R.S. 13:901 to be applicable. However, because the proces verbal is not a notarial act, the clerk is not required by law to index the names listed on the proces verbal. Note that the proces verbal is not a notarial act because the sheriff does not act as notary public; rather, R.S. 47:2180 requires him to sign the proces verbal in his official capacity in the presence of two witnesses.
While the clerk is not required by law to index the names listed on the proces verbal, we cannot say that the law does not permit him to index the names listed on the proces verbal, should he make an administrative decision to do so. R.S. 13:841(75) allows the clerk to collect a fee"for indexing of all documents filed for record"; the word "documents" is, in our opinion, a broad term inclusive of the proces verbal, as well as other writings which are not notarial acts.
We are advised that it has been the past and current practice of several of the parish clerks of court to record the proces verbal in the conveyance records without further indexing the names listed on the proces verbal. The doctrine of "contemporaneous construction" is recognized and applied in Louisiana. It dictates that when the meaning of a statute is in doubt, the interpretation of those charged with its enforcement will be given substantial weight. Danna v. Commissioner ofInsurance, 228 So.2d 708 (La.App. 1st Cir. 1969).
Deference should be given to the clerk in the construction of the statutes as he is the official charged with enforcing the laws cited. Should the clerk decide to create a "by name" index in the conveyance records of the names listed on the proces verbal, the sheriff may recover the fees charged him by the clerk pursuant to LSA Const. Art. 7, § 25(B) and (C), providing:
 (B) Redemption. (1) The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption.
 (C) Annulment. No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes prior to the date of the sale, unless the proceeding to annul is instituted within six months after service of notice of sale. A notice of sale shall not be served until the final day for redemption has ended. It must be served within five years after the date of the recordation of the tax deed if no notice is given. The fact that taxes were paid on a part of the property sold prior to the sale thereof, or that a part of the property was not subject to taxation, shall not be cause for annulling the sale of any part thereof on which the taxes for which it was sold were due and unpaid. No judgment annulling a tax sale shall have effect until the price and all taxes and costs are paid, and until ten percent per annum interest on the amount of the price and taxes paid from date of respective payments are paid to the purchaser; however, this shall not apply to sales annulled because the taxes were paid prior to the date of sale.
We briefly summarize as follows. R.S. 47:2180 directs only that the proces verbal be "filed in the office of the clerk of court for recording and preservation." While there is no statutory obligation imposed upon the clerk of court to create a "by name" index in the conveyance records of those names listed on the proces verbal, we determine that the law does not prohibit him from doing so. Deference should be given the clerk in his interpretation of the statutes he is charged with enforcing where the meaning is unclear. Finally, should the clerk charge the sheriff for indexing the names listed on the proces verbal, the fees are recoverable by the sheriff as costs to be charged the delinquent taxpayer.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
[1] Article 7, Section 25 provides in part:
§ 25. Tax Sales
Section 25. (A) Tax Sales. (1) There shall be no forfeiture of property for nonpayment of taxes. However, at the expiration of the year in which the taxes are due, the collector, without suit, and after giving notice to the delinquent in the manner provided by law, shall advertise for sale the property on which the taxes are due. The advertisement shall be published in the official journal of the parish or municipality, or, if there is no official journal, as provided by law for sheriffs' sales, in the manner provided for judicial sales. On the day of sale, the collector shall sell the portion of the property which the debtor points out. If the debtor does not point out sufficient property, the collector shall sell immediately the least quantity of property which any bidder will buy for the amount of the taxes, interest, and costs. The sale shall be without appraisement. A tax deed by a tax collector shall be prima facie evidence that a valid sale was made.
[2] R.S. 47:1993 pertinently provides:
G. From the day the roll is filed in the recorder's office, it shall act as a lien upon each specific piece of real estate thereon assessed, which shall be subject to a legal mortgage after the thirty-first day of December of the current year for the payment of the tax due on it, but not for any other tax, which mortgage shall prime and outrank all other mortgages, privileges, liens, encumbrances or preferences, except tax rolls of previous years.
H. The recorder of mortgages shall keep the roll delivered to him among the record books of his office, and it shall be a part of the record of such office. He shall index the tax roll in the current mortgage book under the head of "tax roll" and no further record thereof shall be necessary; however, the failure of the recorder of mortgages to mark the tax rolls "filed" or to index them shall in no way prejudice the rights of the state or any parish or municipal corporation.
[3] R.S. 47:2183 provides in pertinent part:
A. Each state tax collector and ex officio collector of state taxes, and the tax collectors of the municipal authorities of the various towns and city governments and political subdivisions throughout the state, shall execute and sign in person or by deputy, in the name of the state, or other taxing subdivision as the case may be, a deed of sale to purchasers of any real estate sold for taxes, in which he shall relate in substance a brief history of the proceedings had, shall describe the property, state the amount of the taxes, interest, and costs and the bid made for the property, and the payment made to him in cash, cashier's check, certified check, money order, or wire transfer, and shall sell the property to the purchaser, with the right to be placed in actual possession thereof, by order of a court of competent jurisdiction, and shall conclude the deed with the statement that the property shall be redeemable at any time for the space of three years beginning on the day when the deed is filed for record in the conveyance office in the parish in which the property is situated.
[4] § 131. Notarial acts of conveyance and mortgage
A. The acts of notaries, when deposited in the office of the recorder, shall form a part of the archives of the recorder's office and shall be immediately recorded by him as provided in this Section. If the actcontains a conveyance of real estate without a mortgage, it shall berecorded in a book of conveyances; if it contains a conveyance with amortgage, it must be recorded also in the mortgage books; or if itcontains only a mortgage without a conveyance, it shall be recorded inthe mortgage books. However, the recorder, at his option and in his discretion, may record acts by means of photorecording, photocopying, microfilming, or other photographic methods of reproduction. The film stock used in making photographic or microphotographic copies and the procesing of the copies shall comply with the standards of the American National Standard Institute for permanent record photographic microcopying film. The Clerk of Court in East Baton Rouge Parish will make available to the Assessor a copy of the original document files under provision of the aforementioned Sections, excluding holidays within 48 hours.
B. The authority granted to the recorder by Subsection A hereof to record acts by photographic methods of reproduction shall not authorize the recorder to destroy or fail to retain as a part of the archives of his office the original acts or instruments. (Emphasis added).
[5] § 9:2742. Recordation of notarial acts by parish recorder
The acts of notaries, when deposited in the office of the parish recorder, shall form a part of the archives of his office, and shall be immediately recorded by him as follows: If the act contains a conveyance of immovable property without a mortgage, in a book of conveyances, if it contains a conveyance of immovable property, together with a mortgage, in the aforesaid book of conveyances, and also in a book of conventional mortgages.