Dear Mr. Taylor:
Reference is made to your recent request for an opinion of this office regarding whether a homestead exemption continues on property sold at a tax sale when the original owner (i.e. the tax debtor) continues to live on the property. As we understand your letter, it is your assertion that a tax sale creates only a lien upon property, and that therefore the homestead should continue in such cases, in order that the tax debtor can avoid the hardship of having to pay property taxes on the full value of their property if and when they redeem same.
Please be advised that this office shares in your concern for the welfare of individuals and families who face financial hardship and the potential loss of their home. It is, however, the duty of this office to report upon the law as we find it and set forth by the legislature.
In this regard, we must advise that a tax sale results in more than a mere lien. Rather, as determined in Attorney General's Opinion No. 92-396, a tax sale conveys a right of ownership to the tax purchaser at the time the tax purchaser pays the purchase price in exchange for a tax deed. Furthermore, in accordance with the determination made in Opinion No. 92-326, it is our opinion that a redeeming tax debtor loses the benefit of the homestead exemption as to the years the property was assessed in the name of the tax purchaser.
With respect to the rights conveyed to a tax purchaser, Opinion No. 92-396 provides:
 " the word lien is not truly applicable to a tax sale. Although a lien for taxes owed is created by the filing of the assessment rolls in the office of the recorder (R.S. 47:1993), that lien is satisfied when a tax purchaser pays the purchase price in exchange for a tax deed.
 The statutes regarding ad valorem tax sales and redemptions (La.R.S., Title 47), are replete with references signifying that a tax sale conveys title and ownership, as opposed to a mere lien
 The Second Circuit Court of Appeal, in Goodwill v. Smith, 29 So.2d 188 (La.App. 2 Cir. 1947), recognized that a tax deed vests in the purchaser a `valid title to the land' subject to a three year right of redemption. In Brady v. Slay, supra, the Third Circuit Court of Appeal, quoting the trial court, stated in reference to La Const (1974) Art. VII, Sec. 25: `This [constitutional section] clearly contemplates a sale of transferring title to the tax purchaser.' We note that the last sentence of Art. VII, Sec. 25 states: `A tax deed by a tax collector shall be prima facie evidence that a valid sale was made.'"
With regard to the continuation of a homestead exemption in favor of a tax debtor whose property was sold at tax sale, Attorney General's Opinion No. 92-396 states:
 Assuming the property sold was the tax debtor's homestead (La. Const. (1974) Art. VII, Sec. 20), his exemption from taxes would cease to exist when his name was removed from the tax rolls. For the following tax year, the property would be assessed In the name of the tax purchaser (R.S. 47:2193), who would not be entitled to the homestead exemption unless he took possession of the property, occupied it and met the other requirements of LA. Const. (1974) Art. VII, Sec. 20.
 La. Const. (1974) Art. VII, Sec. 25(B) and R.S. 47:2222 regarding redemption, require a tax debtor who redeems property from a tax purchaser to pay, among other charges, all taxes assessed on the property subsequent to the sale As such, if the tax debtor does not redeem the property prior to a subsequent assessment in the name of a the tax purchaser, it its our opinion that the tax debtor will also have lost the benefit of the homestead exemption (a reduction in the amount of taxes owed) when he does so redeem, as to the years the property was assessed in the name of the tax purchaser."
We trust the foregoing to be of assistance. Please do not hesitate to contact this office if we can be of assistance in other areas of the law.
Yours very truly,
CHARLES C. FOTI, JR.
Attorney General
BY: ________________________________
JEANNE-MARIE ZERINGUE BARHAM
Assistant Attorney General
CCF, jr./JMZB/dam